ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. This litigation centers on a dispute over a warranty deed. John Walton had obtained power of attorney for his mother, Jacqueline L. Hudson. Jacqueline had reserved a life-estate interest in the property that was later the subject of the warranty deed at issue. Aside from the life-estate, John and his brother, Kenneth Walton, had been deeded the legal rights to the property. In 1997, John utilized his power of attorney for Jacqueline to execute the warranty deed at issue, thereby conveying Jacqueline’s life-estate interest to himself.
 

 ¶ 2. In September 2008, John’s nephew, Justin Walton, filed a complaint to set aside the warranty deed. Justin named John and his other uncle, Kenneth, as defendants. John filed a motion to dismiss
 
 *1037
 
 Justin’s complaint. According to John, Justin’s complaint was barred by the applicable statute of limitations. John also argued that, because Jacqueline only transferred her life-estate interest in the 1997 warranty deed, setting aside the warranty deed would not pass any real interest to Jacqueline’s estate. Finally, John requested attorney’s fees and sanctions pursuant to Rule 11 of the Mississippi Rules of Civil Procedure.
 

 ¶ 3. The chancellor ultimately granted John’s motion to dismiss and his motion for Rule 11 sanctions. The chancellor awarded John
 
 and
 
 Kenneth a judgment of $1,000 against Justin. Aggrieved, Justin appeals. After careful consideration, we affirm the chancellor’s decision to grant John’s motion to dismiss. We also affirm the chancellor’s finding that Rule 11 sanctions are appropriate, but we reverse the chancellor’s finding regarding the amount of sanctions awarded and remand that question to the chancery court for further proceedings consistent with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶4. This dispute is among the descendants of Edward and Jacqueline Walton. Edward and Jacqueline had three sons: George, John, and Kenneth Walton. George died in 1984. He had one son, Justin. Justin was five or six years old when George died.
 

 ¶ 5. On December 12, 1989, Edward and Jacqueline executed a warranty deed. Within that deed, they transferred their ownership in six parcels of land to John and Kenneth as tenants in common. However, Edward and Jacqueline reserved a life-estate in all six parcels.
 

 ¶ 6. Edward died in 1990. The events surrounding the administration of Edward’s estate are at issue in a separate set of proceedings that Justin has initiated. Within his brief, Justin claims that John and Kenneth misrepresented Edward’s assets during the administration of Edward’s estate. Justin also claims that John and Kenneth intentionally failed to mention him as one of Edward’s heirs-at-law when they filed a petition for appointment of administrators. Justin also claims that neither he nor his mother as his guardian were served with John and Kenneth’s petition for appointment of administrators. According to Justin, John and Kenneth intentionally sought to exclude him from inheriting his father’s share of Edward’s estate. However, John and Kenneth point out that, by virtue of notice through Justin’s mother, Mary Lou Boles, Justin challenged the final accounting of Edward’s estate. John and Kenneth also state that Justin’s attorney later withdrew because he was unable to contact Mary. Finally, John and Kenneth state that, despite having notice of the proceedings, neither Justin nor Mary appeared at the conclusory hearing on Edward’s estate. The allegations surrounding the administration of Edward’s estate have no bearing on the outcome of this opinion. We merely mention these proceedings and the fact that Justin has challenged these proceedings for the sake of continuity and clarity.
 

 ¶ 7. On June 16, 1995, John had Jacqueline execute a power of attorney. On August 7, 1997, John used his authority pursuant to the power of attorney to execute a warranty deed, conveying Jacqueline’s life-estate interest in one of the six parcels of land described in the 1989 deed to himself. Additionally, Kenneth also transferred his interest in that parcel to John.
 

 ¶8. Jacqueline died on May 18, 2006. On September 26, 2008, Justin filed a petition in the Hinds County Chancery Court in which he sought to set aside the 1997 warranty deed. Justin named John and Kenneth as defendants. On November 6, 2008, John filed a motion to dismiss Jus
 
 *1038
 
 tin’s petition. John also requested Rule 11 sanctions against Justin.
 

 ¶ 9. The chancellor’s judgment, filed on December 18, 2008, contains a statement that the chancellor conducted a hearing on John’s motion to dismiss on the same date that the judgment was filed. In his brief, Justin states that he was not present at that hearing. In any event, the chancellor granted John’s motion to dismiss. The chancellor also granted John’s request for sanctions against Justin. However, the chancellor awarded John
 
 and
 
 Kenneth a judgment of $1,000 against Justin. Aggrieved, Justin appeals. He claims the chancellor erred when he granted John’s motion to dismiss. Justin also claims that the chancellor erred when he awarded John and Kenneth sanctions.
 

 ANALYSIS
 

 I. THE MOTION TO DISMISS
 

 ¶ 10. Justin raises multiple arguments regarding what he considers to be improprieties surrounding the chancellor’s decision to grant John’s motion to dismiss. We are mindful that we are to utilize a de novo standard of review when considering whether a trial court erred when it granted a motion to dismiss.
 
 Harris v. Miss. Valley State Univ.,
 
 873 So.2d 970, 988 (¶ 54) (Miss.2004). Furthermore, “the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.”
 
 Id.
 
 (citing
 
 T.M. v. Noblitt,
 
 650 So.2d 1340, 1342 (Miss.1995)).
 

 ¶ 11. Justin claims that the chancellor’s decision to grant John’s motion to dismiss was improper because: (1) the minor savings provision of Mississippi Code Annotated section 15-1-7 (Rev. 2003) tolled the statute of limitations; (2) John and Kenneth’s fraudulent concealment tolled the statute of limitations; and (3) the chancellor failed to view the evidence in the light most favorable to the non-moving party. However, whether the statute of limitations was tolled is irrelevant if Justin’s complaint failed to state a claim upon which relief could be granted.
 

 ¶ 12. Justin sought to set aside the 1997 warranty deed. The 1997 warranty deed stemmed from the 1989 warranty deed, in which Edward and Jacqueline conveyed six parcels of land to their two living sons, John and Kenneth. Edward and Jacqueline reserved a life-estate in those six parcels of land.
 

 ¶ 13. Having acquired power of attorney for Jacqueline, John executed the 1997 warranty deed on Jacqueline’s behalf. The 1997 warranty deed addressed one of the six parcels of land that were transferred in the 1989 warranty deed. Accordingly, through John and his authority pursuant to the power of attorney, Jacqueline transferred her life-estate in that parcel of land to John. In effect, John utilized the power of attorney to transfer a property interest to himself.
 

 ¶ 14. However, setting aside the 1997 warranty deed would have no practical effect. Jacqueline died in May 2006. Pursuant to the 1989 warranty deed, when Jacqueline died, her life-estate lapsed. If the 1997 warranty deed was set aside, the 1989 warranty deed would still be in effect, and the 1989 warranty deed would still have transferred the six parcels of property to John and Kenneth. It is undisputed that Justin has sought to set aside the 1989 warranty deed in separate proceedings. Nothing in this opinion should be taken as res judiciata regarding those proceedings. We merely find that, pursuant to the precise circumstances of this case, Justin’s complaint failed to state a claim
 
 *1039
 
 upon which relief could be granted. Accordingly, we find no merit to this issue.
 

 II. SANCTIONS
 

 ¶ 15. Although Justin named both John and Kenneth as defendants, the motion for Rule 11 sanctions was only brought in John’s name. In the “motion for Rule 11 sanctions,” John claimed that he had “incurred attorney[’s] fees to defend this frivolous action.” John also claimed that Justin “filed this action solely for the purpose of harassing [him and that Justin] should be sanctioned accordingly.” On appeal, Justin argues that the chancellor erred. We review the chancellor’s decision to award Rule 11 sanctions pursuant to the abuse-of-discretion standard.
 
 Illinois Cent. R. Co. v. Broussard,
 
 19 So.3d 821, 823 (¶ 8) (Miss.Ct.App.2009).
 

 ¶ 16. Pursuant to Rule 11(b), a trial judge may order a party to pay expenses or attorney’s fees “[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the pui’pose of harassment or delay.” M.R.C.P. 11(b). A pleading is frivolous pursuant to Rule 11 if “objectively speaking, the pleader ... has no hope of success.”
 
 Broussard,
 
 19 So.3d at 824 (¶ 11). The pivotal point in time to assess a party’s or an attorney’s actions is the instant when the signature is placed upon the document.
 
 Thomas v. Capital Sec. Servs., Inc.,
 
 836 F.2d 866, 874 (5th Cir.1988).
 

 ¶ 17. The chancellor’s judgment references a hearing that occurred on December 18, 2008, but the record does not contain a transcript of that hearing. The chancellor’s judgment also states that “[t]he Defendant’s Motion for Rule 11 Sanctions against ... Justin ... is granted.” Accordingly, the chancellor held that both John and Kenneth “are awarded a Judgment of One Thousand Dollars ... against Justin.” However, the chancellor did not explicitly find that Justin’s complaint was frivolous or that it was filed for the purpose of harassment or delay. The chancellor could have found that Justin’s complaint was frivolous, because Justin had no hope of success when he filed his complaint. As previously mentioned, setting aside the 1997 warranty deed would have had no practical effect on John’s ownership of the property mentioned within that deed.
 

 ¶ 18. “While the court may find a case appropriate for the award of attorney’s fees, the actual award of attorney’s fees is still dependent upon specific proof.”
 
 Romney v. Barbetta,
 
 881 So.2d 958, 962 (¶ 20) (Miss.Ct.App.2004). The standard of proof regarding an award of attorney’s fees is as follows:
 

 In determining an appropriate amount of attorney[’]s fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the ease and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
 

 McKee v. McKee,
 
 418 So.2d 764, 767 (Miss.1982) (internal citation omitted).
 

 ¶ 19. There is no evidence regarding attorney’s fees in the record. The record does not contain any documentation regarding the time that John’s attorney spent responding to Justin’s complaint. Likewise, the record does not contain any evidence regarding the per-hour rate that John’s attorney charged. There is a com-
 
 *1040
 
 píete lack of evidence regarding any matter addressed in
 
 McKee.
 
 What is more, John alone filed the motion for Rule 11 sanctions. There is no indication that Kenneth joined in John’s motion. In fact, there is no indication that Kenneth has ever participated in these proceedings. Even so, the chancellor awarded “John Walton and Kenneth Walton ... a Judgment of One Thousand Dollars ... against Justin.” Finally, the chancellor’s award is ambiguous in that it is unclear whether John and Kenneth each received a judgment of $1,000 or whether they were both to receive an equal portion of a single $1,000 judgment.
 

 ¶ 20. This Court has affirmed a party’s liability for attorney’s fees pursuant to Rule 11 and then found plain error in a chancellor’s actual award.
 
 In re
 
 Spencer, 985 So.2d 330, 339 (¶ 31) (Miss.2008). In that case, the Mississippi Supreme Court found plain error in a chancellor’s award of fees in excess of the proof, vacated the chancellor’s judgment regarding the precise value of the award, and remanded for a factual finding of the amount of reasonable attorney’s fees.
 
 Id.
 
 at 339-40 (¶ 31). We follow a similar course of action in this case. Based on the lack of evidence in the record, the fact that Kenneth was not a movant in the motion for Rule 11 sanctions, and the ambiguity regarding the calculation of the judgment, we find plain error in the chancellor’s award of attorney’s fees. However, we find no abuse of discretion regarding the chancellor’s implied decision finding that Justin’s complaint was frivolous. Accordingly, we remand this matter to the chancellor for a factual finding of the amount of reasonable attorney’s fees incurred by filing John’s motion to dismiss and his motion for Rule 11 sanctions.
 

 ¶ 21. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR.