CARLTON, J.,
 

 for the Court:
 

 ¶ 1. James Buckalew appeals the judgment of the Chancery Court of Lauderdale County, arguing that the chancellor erred in determining the amount of sanctions to award upon the finding that Diane Buc-cluch’s counterclaim against James was a frivolous pleading. James seeks an increased amount of sanctions against Diane to compensate him for defending against her frivolous counterclaim. James also argues that the answers and defenses pleaded by Diane were without any supporting evidence and, thus, also frivolous and sanc-tionable.
 

 ¶ 2. Following James’s appeal, Diane filed a cross-appeal, arguing that the chancellor abused his discretion in finding that Diane had no hope of succeeding on her counterclaim and also in finding that the counterclaim constituted a frivolous pleading. Diane specifically asserts that the chancellor erred in imposing sanctions as a result of finding that her counterclaim was a frivolous pleading. Diane further submits that the chancellor did not abuse his discretion in determining that Diane indeed possessed some hope of succeeding in her defense of James’s complaint to order her to vacate the property owned by their mother, Ruby Buckalew.
 

 ¶ 3. Finding no error, we affirm the chancellor’s judgment.
 

 FACTS
 

 ¶ 4. In 2004, Ruby suffered a stroke and was diagnosed with Alzheimer’s. She subsequently moved to Colorado to live with her daughter, Diane, who cared for Ruby during this time. Diane and Ruby later returned to Mississippi from Denver, and they moved into Ruby’s home in Lauder-dale County, Mississippi. James and Diane agreed that Diane would live in Ruby’s home to provide full-time care for Ruby. Pursuant to a warranty deed, Ruby conveyed her house to Diane and reserved a life estate unto herself.
 

 ¶ 5. On March 9, 2006, in the Chancery Court of Lauderdale County, the chancellor rendered a judgment appointing James, Ruby’s son, as guardian for the person and the estate of Ruby. On June 26, 2008, while Diane was in Las Vegas, James and his wife, Vickie, removed Ruby from her home and brought her to live in their house. James stated that he noticed Ruby growing despondent and losing weight while under Diane’s care. He decided to place Ruby under his care. Ruby remained in James and Vickie’s home for six weeks, until they moved her to a trailer located behind their home, where Ruby lived with a sitter. On August 29, 2008, James filed a complaint to order Diane to vacate Ruby’s property, alleging that Diane occupied the home as part of the arrangement to care for Ruby, and since Ruby had been removed from the home, Diane must vacate the property.
 

 ¶ 6. On September 18, 2008, Diane filed her answer and counterclaim to James’s complaint, alleging that since the eviction notice did not constitute a guardianship matter, James improperly brought the eviction action in chancery court. She further claimed that James, as guardian,
 
 *462
 
 failed to petition the chancellor for authority to file the complaint as required by Mississippi Code Annotated section 93-13-27 (Rev.2004); thus, the complaint should be dismissed. In her counterclaim, Diane submitted that pursuant to Mississippi Code Annotated section 93-13-23 (Rev. 2004), sufficient cause existed for the chancellor to remove James as guardian, alleging that James created a conflict of interest between himself and his ward, and he “has failed or refused to act in a matter to protect [Ruby’s] person and estate.”
 

 ¶7. On April 13, 2009, Diane filed a motion to dismiss her counterclaim to remove James as Ruby’s guardian. On that same day, the chancellor held a hearing on the matter and subsequently entered an order dismissing the counterclaim without prejudice. On April 14, 2009, the chancellor rendered a memorandum opinion and corresponding order to overrule Diane’s September 18, 2008 motion to dismiss based on her answer to James’s complaint. In the order, the chancellor held that the chancery court had proper jurisdiction over the eviction matter and found James’s failure to comply with section 93-13-27 to be harmless error.
 

 ¶ 8. On June 19, 2009, the chancellor issued a pretrial order, noting that James filed a Rule 11 motion pursuant to Mississippi Rule of Civil Procedure 11 requesting that sanctions in the form of expenses and attorney’s fees incurred in the defense of the action be granted on the grounds that the entire action by Diane was frivolous and unwarranted and done for the purpose of harassing James.
 

 ¶ 9. At a trial held on September 23, 2009, Joe Clay Hamilton, James’s attorney, testified as to the amount of time and services he had rendered in the action on behalf of James. Henry Palmer, Diane’s attorney, testified regarding the services he had rendered in representing Ruby in the action. James; Vickie; and Donna Riley, James’s and Diane’s sister, all testified that Diane did not provide the necessary and appropriate care for Ruby and that Ruby’s condition had steadily declined while under Diane’s care. James, Vickie, and Donna further testified that Ruby’s condition improved after her removal from Diane’s care. Diane did not appear at the trial, and her attorney stated that he was unaware of her location.
 
 [1]
 

 ¶ 10. The chancellor issued an order on October 26, 2009, in which he found that Diane did have some hope of success upon the motion to dismiss filed in her September 18, 2008 answer, noting that James had failed to request the authority of the chancellor to commence the civil action as required by section 93-13-27. The chancellor further found that Diane also had some hope of success in her defense of James’s complaint ordering her to vacate Ruby’s property, noting that Diane’s allegation that she properly cared for Ruby was supported by her answer to interrogatory number eight propounded in discovery. The chancellor found that Diane’s counterclaim against James, however, was a frivolous pleading, and he issued sanctions by granting James a judgment against Diane as well as reasonable attorney’s fees in the sum of $800.
 
 [2]
 

 ¶ 11. On November 2, 2009, James filed a motion for reconsideration and to alter and amend the judgment, asking the chancellor to order Diane to pay all of James’s attorney’s fees as testified to at trial, as
 
 *463
 
 well as the expenses incurred by having Ruby occupy the trailer next to his house, which prevented James from renting the trailer for income. Diane filed a motion to reconsider and/or amend or alter the opinion on November 5, 2009, arguing that her attorney provided sufficient evidence at trial to show that her counterclaim was reasonable under the circumstances; thus, imposing sanctions was unreasonable and harsh.
 

 ¶ 12. On December 7, 2009, the chancellor issued an order overruling the motions of both parties and denying their requested relief. This appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 13. This Court’s standard of review regarding a chancellor’s determination is well established. The chancellor’s findings of fact shall not be disturbed on appeal unless the findings are “manifestly wrong, clearly erroneous, or not supported by substantial credible evidence.”
 
 City of Picayune v. S. Reg’l Corp.,
 
 916 So.2d 510, 518 (¶22) (Miss.2005) (citing
 
 Brown v. Miss. Dep’t of Human Servs.,
 
 806 So.2d 1004, 1005 (¶ 4) (Miss.2000)). “Where there is substantial evidence to support the chancellor’s findings, [the appellate court] is without the authority to disturb the chancellor’s conclusions ...”
 
 Id.
 
 at 518-19 (¶ 22) (citing
 
 In re Guardianship of Savell v. Renfroe,
 
 876 So.2d 308, 312 (¶ 4) (Miss. 2004)). While deference is given to the chancellor’s determinations of fact, this Court retains a de novo review of all questions of law.
 
 Id.
 
 at 519 (¶ 23).
 

 DISCUSSION
 

 ¶ 14. James argues that Diane’s answer, defenses, and counterclaim constituted frivolous pleadings. Diane states that she filed these pleadings in response to James’s complaint to remove her from Ruby’s house. James argues that Diane filed these pleadings with the intent to delay her eviction from the house. He asserts that despite the numerous allegations made by Diane, neither she nor her attorney offered any evidence to support these claims. James contends that the chancellor’s sanction and award of attorney’s fees in the amount of $800 bore no relationship to the actual time and expense incurred in the defense of the frivolous pleadings. James submits that in addition to the $800, he should also be awarded attorney’s fees in the amount of $6,970.
 

 ¶ 15. Diane, however, argues that the chancellor erred in finding that she had no hope of success on her counterclaim. She also argues that the chancellor erred in finding that her counterclaim constituted a frivolous pleading; therefore, he consequently erred by awarding sanctions against her under Rule 11.
 

 ¶ 16. Pursuant to Rule 11(b), a trial judge may order a party to pay expenses or attorney’s fees “[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay.” M.R.C.P. 11(b).
 
 See also
 
 Miss.Code Ann. § 11-55-5(1) (Rev.2002) (The Litigation Accountability Act);
 
 Randolph v. Lambert,
 
 926 So.2d 941, 944 (¶8) (Miss.Ct.App. 2006). A pleading is frivolous pursuant to Rule 11 if “objectively speaking, the pleader ... has no hope of success.”
 
 Ill. Cent. R. Co. v. Broussard,
 
 19 So.3d 821, 824 (¶ 13) (Miss.Ct.App.2009). The decision to award monetary sanctions under Rule 11 is left to the discretion of the trial court. M.R.C.P. 11(b). This Court reviews the judgment of the sanctioning trial court for abuse of discretion.
 
 Wyssbrod v. Wittjen,
 
 798 So.2d 352, 357 (¶ 17) (Miss.2001). “In the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors,
 
 *464
 
 the judgment of the court’s imposition of sanctions will be affirmed.”
 
 Id.
 
 (citations and quotations omitted);
 
 See Eatman v. City of Moss Point,
 
 809 So.2d 591, 593 (¶ 8) (Miss.2000) (The Mississippi Supreme Court provided that it would assume that factual determinations made by the trial judge were sufficient to support an order imposing reasonable attorney expenses where no specific finding has been made.).
 

 ¶ 17. In
 
 Walton v. Walton,
 
 44 So.3d 1035, 1039-40 (¶¶ 19-20) (Miss.Ct.App. 2010), this Court found no abuse of discretion in the chancellor’s decision that the complaint at issue in that case constituted a frivolous pleading, but remanded for proof of attorney’s fees upon finding the award exceeded the proof in the record. In
 
 Walton,
 
 this Court explained that the record contained no documentation regarding the time that the attorney in question spent responding to the frivolous complaint.
 
 Id.
 

 ¶ 18. The present case differs from
 
 Walton
 
 with respect to the documentation contained in the record as to attorney’s fees and the chancellor’s calculation of the fee award. In the October 26, 2009 opinion in the record before us, we find that the chancellor set forth his calculations regarding attorney’s fees. The record also shows that the chancellor reviewed the time sheets submitted by James’s attorney. The chancellor explained in the opinion that he evaluated the length of the attorney’s practice since 1959, as well as his skill and expertise, in determining an hourly rate of $200. The chancellor found that the attorney spent a total of 30.85 hours on the case as a whole, but the chancellor found $800 to be an appropriate fee for an award of attorney’s fees for the defense of the frivolous counterclaim.
 

 ¶ 19. We find that the record contained sufficient evidence to support the chancellor’s award of attorney’s fees in the amount of $800. We note that the record shows that the October 26, 2009 opinion reflects the chancellor’s determination and calculation of attorneys’s fees for the defense of the counterclaim only. We acknowledge that as the fact finder, the chancellor possesses the best position to evaluate frivolity and determine the facts.
 
 Eatman,
 
 809 So.2d at 594 (¶ 12). Thus, we find no abuse of discretion by the chancellor in finding Rule 11 sanctions appropriate based upon his finding that Diane had filed a frivolous counterclaim. The record contains substantial evidence to support the chancellor’s decision.
 
 City of Picayune,
 
 916 So.2d at 518 (¶ 22).
 

 ¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF LAUDER-DALE COUNTY IS AFFIRMED ON DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED IN EQUAL PARTS TO THE APPELLANT AND THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . In her brief, we note that Diane asserts that after dismissing her counterclaim, she moved to Las Vegas, Nevada, where friends had offered her a temporary home.
 

 [2]
 

 . Plus interest at the rate of seven percent per annum.