**UNITED STATES of America, Plaintiff,**

**v.**

**Walter B. LEMON, Roberta A. Lemon, John Ortiz, Edward J. Hoaglund, Grant A. Knight, Harriet P. Knight, Edward H. Koch, Jr., Richard E. Looney, Daisey B. Looney, and Flora Dere, Defendants.**

Civ. A. No. 84–K–471.

United States District Court, D. Colorado.

March 28, 1986.

**20.** In April 1985, notices were sent to all members of the Delaware Bar that Bradley had joined the Biggs firm. (D.I. 726, ¶ 17.)

Robert N. Miller, U.S. Atty., Linda A. Surbaugh, Asst. U.S. Atty., John E. Lindskold, Dept. of Justice, Land and Natural Resources Div., Denver, Colo., for plaintiff.

Edwin G. Ruland, Dufford, Waldeck, Ruland & Milburn, Grand Junction, Colo., Kenneth Balcomb, Robert M. Noone, Delaney & Balcomb, P.C., Glenwood Springs, Colo., for all defendants except for Flora Dere.

William H. Robinson, III, P.C., Loveland, Colo., William H. Robinson, Jr., Denver, Colo., for defendant Flora Dere.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter is now before me on the following motions: 1) defendants' motion to dismiss the government's amended complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6); 2) the parties' cross-motions for summary judgment, Fed.R.Civ.P. 56; and 3) the government's motion to dismiss defendant Flora Dere's counterclaim for lack of jurisdiction, Fed.R.Civ.P. 12(b)(1).

## I. BACKGROUND

Defendants are the owners of properties in Garfield County, Colorado which are adjacent to the Colorado River. Originally, these properties were owned by the United States as public lands. In 1899, the government conducted a survey of the area so that land patents could be granted. Although the survey noted the presence of islands in the river, these islands were never surveyed.

Recently, the government decided that the islands noted in the survey should be investigated to determine whether they have been in continuous existence since 1899. Defendants have, however, denied the government's investigators and surveyors access to their properties. The government brought this action for injunctive relief to prevent defendants from denying entry.

Initially, the government relied on 43 U.S.C. § 772 as authority to conduct an "investigation" and "dependent resurvey" of the islands. On cross-motions for summary judgment, I was presented with the question of whether § 772 granted the government authority to take such actions. After considering the plain language of the statute, I concluded that § 772 only

permits "resurveys or retracements of the surveys" already conducted. It does not authorize an original survey. Thus, § 772 does not apply to lands, as in the instant case, which have never been surveyed. *See United States v. Ruby Co.*, 588 F.2d 697, 705 (9th Cir.1978) (§ 772 is inapplicable to unsurveyed lands).

*United States v. Lemon*, No. 84–K–171, slip op. at 4 (D.Colo. Dec. 12, 1985).

I recognized, however, that "'[a]n error by the surveyor in 'failing to extend the survey over the islands in the river' does not prevent the government 'from subsequently surveying the same and asserting its title thereto.'" *Id.* (citations omitted). Accordingly, I permitted the government to amend its complaint to assert the proper authority permitting such a survey. *Id.*

On December 18, 1985, the government filed an amended complaint for injunctive relief. In this amended complaint, the government asserts that

[i]t is necessary to conduct an investigation and a dependent resurvey of the above-described 1899 surveys, pursuant to the authority granted the Secretary of the Interior by the Act of March 3, 1909, as amended, 43 U.S.C. [§] 772, in order to determine whether the islands in the Colorado River were omitted from the 1889 surveys. If, as a result of the investigation and resurvey, it is determined that the unsurveyed islands have been in continuous existence since the time of the 1889 surveys, the islands will be surveyed for the first time pursuant to the authority granted to the Secretary of the Interior by R.S. 453 and R.S. 2395–2397, as amended, 43 U.S.C. [§] 2 and 43 U.S.C. [§§] 751–753, and the original survey of the islands will be tied to the dependent resurvey of the 1899 survey.

Plaintiff's Amended Complaint for Injunctive Relief ¶ 4 at 1–2.

In essence, the government seeks an order enjoining defendants from denying access to their properties so that an investigation can be made to determine whether the islands have been in continuous existence since 1899. If it is found that the islands still exist, the government wishes to conduct an original survey of the islands and then a dependent resurvey of defendants' properties to reestablish lost meander lines so that the survey of the islands can be "tied" to these meander lines.

Defendants now seek to dismiss the government's amended complaint for failure to state a claim upon which relief can be granted. Also before me are the parties' cross-motions for summary judgment, and the government's motion to dismiss Dere's counterclaim for lack of jurisdiction.

## II. MOTION TO DISMISS

■ In their motion to dismiss, defendants assert that the islands must have been "omitted" from the survey in order for the government to have any authority to conduct a survey of the islands. According to defendants, the word "omitted" is only applied to lands not shown on the plat of the original survey and which are excluded from the survey by some gross discrepancy in the location of a meander line. In the present case, it is undisputed that the islands were noted in the surveyor's field notes and were depicted on the survey plats. Defendants therefore contend that the islands were not "omitted" from the survey and the government has failed to state a claim for relief in that it has no power or authority to investigate and survey the islands.

Defendants' argument is without merit. The government has the power and authority to survey all lands which have not been surveyed. See 43 U.S.C. §§ 2, 52, 751–53. It is undisputed in this case that, although the islands were noted in the survey, they were never actually surveyed. Defendants' reliance on the purported requirement that the islands be "omitted" from the survey, and their technical and narrow construction of that term, are misplaced. All that is required is that the subjects lands have never been surveyed. Thus, defendants' motion to dismiss is denied.

## III. CROSS–MOTIONS FOR SUMMARY JUDGMENT

Both defendants and the government have moved for summary judgment in their favor. Summary judgment is a drastic remedy. The Tenth Circuit has cautioned that any relief pursuant to Rule 56 should be applied with care. *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir.1973). The burden is on the moving party to show the absence of a genuine issue of material fact. Pleadings must be viewed in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Rea v. Wichita Mortg. Corp.*, 747 F.2d 567, 573 (10th Cir. 1984). Unless the moving party can demonstrate his entitlement beyond a reasonable doubt, summary judgment must be

denied. *Norton v. Liddell,* 620 F.2d 1375, 1381 (10th Cir.1980). A party opposing summary judgment may not rest, however, on allegations contained in the pleadings to rebut the movant's factual proof in support of the motion for summary judgment. The party opposing the motion must respond with specific facts demonstrating genuine issues requiring resolution at trial.

The government has moved for summary judgment on the ground that it is fully authorized by statutes and case law to conduct an investigation, a survey of the islands, and a dependent resurvey of defendants' properties to reestablish the lost meander lines and "tie" the island surveys to the original survey.

■ The Secretary of the Interior has the authority, and is under a duty, to investigate what lands are public lands; what public lands have been, or should be, surveyed; and what public lands have been, or remain to be disposed of, by the United States. *See Lane v. Darlington,* 249 U.S. 331, 333, 39 S.Ct. 299, 63 L.Ed. 629 (1919); *Kirwan v. Murphy,* 189 U.S. 35, 53, 23 S.Ct. 599, 603, 47 L.Ed. 698 (1903); *Knight v. Unites States Land Assoc.,* 142 U.S. 161, 176, 178, 12 S.Ct. 258, 262–63, 35 L.Ed. 974 (1891); *Carrick v. Lamar,* 116 U.S. 423, 6 S.Ct. 424, 29 L.Ed. 677 (1886); *Litchfield v. Register and Receiver,* 76 U.S. (9 Wall.) 575, 577, 19 L.Ed. 681 (1870). Further, as stated above, if it is determined that lands have not been surveyed, then the government has the authority to conduct a survey of those lands. *See* 43 U.S.C. §§ 2, 52, 751–53.

■ The government seeks to conduct an investigation to determine if the islands noted in the survey still exist. Such an investigation is within the government's authority. If it is determined that the islands have been in continuous existence, the government has the authority to conduct an original survey of the islands. Accordingly, the government's motion for summary judgment is granted to the extent

that it has the authority to investigate and survey the subject islands.

■ It is not clear, however, whether the government has the authority under § 772 to conduct a resurvey of defendants' properties until it is determined that the islands are public lands. Section 772 provides:

The Secretary of the Interior may, as of March 3, 1909, in his discretion cause to be made, as he may deem wise under the rectangular system on that date provided by laws, such resurveys or retracements of the surveys of public lands as, after full investigation, he may deem essential to properly mark the boundaries of the public lands remaining undisposed of: *Provided,* That no such resurvey or retracement shall be so executed as to impair the bona fide rights or claims of any claimant, entryman, or owner of lands affected by such resurvey or retracement.

43 U.S.C. § 772 (emphasis in original).

Defendants argue that the plain language of this statute permits the Secretary of the Interior to conduct a resurvey only when it is necessary to mark properly the boundaries of public lands. In other words, defendants contend that § 772 "deals with *known* public lands and its function is to establish the boundaries of *known* public lands." Defendants Response and Brief in Support of Cross-Motion for Summary Judgment at 3 (emphasis in original). I agree with defendants that a resurvey can only be conducted under § 772 to mark the boundaries of public lands. Whether the islands are public lands remains to be determined and depends upon facts not yet available. Thus, summary judgment is improper with respect to whether the government can conduct a resurvey of defendants' properties.

### IV. MOTION TO DISMISS COUNTERCLAIM

■ Defendant Dere has filed a counterclaim in this action against the United States, asserting title to certain islands by

adverse possession. The government has moved to dismiss this counterclaim for lack of jurisdiction. The government points out that it is immune from suit absent its consent. *See United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Thus, a counterclaim, in an action brought by the United States, can be interposed only when Congress has waived immunity of the United States from suit on that claim. *United States v. Shaw,* 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). Although Congress has waived sovereign immunity in suits against the United States to quiet title, *see* 28 U.S.C. 2409a(a), Congress expressly conditioned that waiver to preclude a claim based upon adverse possession. *See* 28 U.S.C. § 2409a(g). Since Dere's counterclaim is based upon her alleged adverse possession of the islands, § 2409a(g) precludes that claim as against the United States. Although the government has incorrectly labeled its motion to dismiss as one for lack of jurisdiction, *see* 28 U.S.C. § 1346(f), I dismiss this counterclaim, *sua sponte,* for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to dismiss is denied.

2. The government's motion for summary judgment is granted in part. Defendants shall permit access to their properties to the government's investigators and surveyors for the limited purposes of conducting an investigation to determine whether the subject islands have been in continuous existence since 1899 and to survey the islands which still exist. The government is not permitted, at this time, to conduct a resurvey of defendants' properties to reestablish lost meander lines and "tie" any island surveys to the original survey.

3. Defendants' cross-motion for summary judgment is denied.

4. Dere's counterclaim is dismissed, *sua sponte,* for failure to state a claim upon which relief can be granted.