MYERS, P.J.,
for the Court.
¶ 1. Janice and Willie Butler filed suit against the appellees, following an electrocution Janice received while working at the South Panola High School in Batesville. After two years the appellees filed a motion for summary judgment in the Panola County Circuit Court, Second Judicial District. After a hearing on the motion, the circuit court granted the appellees’ motion for summary judgment. The Butlers filed this appeal. We reverse and remand in part and affirm in part.
FACTS
¶ 2. Janice Butler worked as a receptionist with the South Panola High School. As part of her daily responsibilities, Butler made announcements over the public address (PA) system to the entire school. The PA system consisted of an amplifier manufactured by Bogen Communications, Inc., a booster amplifier manufactured by J. W Davis & Co. Inc., and a microphone manufactured by Telex Communications, Inc. The PA system was maintained and repaired by Upchurch Telecommunications & Alarm, Inc.
¶ 3. On March 26, 1999, Butler suffered an electrical shock that she alleged happened when she simultaneously placed one hand on the Bogen “all call” button and the other on the Telex microphone while making announcements. Butler alleged that this electrical shock resulted in damage to her teeth, tongue and brain resulting in drooling, speech impediment, partial loss of use of her right arm and leg, and mental and emotional problems.
¶ 4. Immediately following Butler receiving the electrical shock, the PA system was inspected by Mike Williams, South Panola Director of Buildings and Operations. Williams testified that he did not find anything wrong with the PA system and found no reason to believe that the system caused the electrical shock. Williams did testify that during his inspection he found a frayed electrical cord running from the PA system cabinet to an *389 oscillating fan on Butler’s desk. The following school day, the PA system was inspected by Upchurch and found to be in working order.
¶ 5. Janice and Willie Butler filed their complaint against the appellees on March 15, 2002. All appellees filed timely answers and propounded discovery requests to the Butlers. The Butlers replied to all requests for discovery, but did not make discovery requests of their own. After nearly two years of discovery requests by all the appellees and responses by the Butlers, the appellees filed their motions for summary judgment beginning on March 9, 2004, and noticed their motion for hearing on May 21, 2004.
¶ 6. On April 12, 2004, the Butlers finally noticed service of discovery to each of the appellees. On May 11, 2004, the Butlers filed a motion for continuance and noticed the motion for hearing on May 21, 2004.
¶ 7. After the filing of responses to the Butlers’ discovery requests and motion for continuance by the appellees and numerous other motions and responses, the hearing on all motions was held on June 30, 2004. Following this hearing, the Circuit Court of Panola County, Second Judicial District, granted all the appellees’ motions for summary judgment and denied the Butlers’ motion for continuance. From this ruling the Butlers appeal raising the following issues for our consideration:
I. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT BECAUSE MATERIAL ISSUES OF FACT WERE ESTABLISHED AND THE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.
II. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT AS TO PLAINTIFFS’ CAUSE OF ACTION IN NEGLIGENCE.
III. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT AS TO PLAINTIFFS’ CAUSE OF ACTION IN RES IPSA LOQUITER.
IV. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT AS TO PLAINTIFFS’ CAUSES OF ACTION IN STRICT LIABILITY.
V. IT WAS REVERSIBLE ERROR TO DENY PLAINTIFFS’ MOTION TO COMPEL ANSWERS TO DISCOVERY AND TO GRANT SUMMARY JUDGMENT WITHOUT ALLOWING PLAINTIFFS MEANINGFUL DISCOVERY.
STANDARD OF REVIEW
¶ 8. Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court’s grant or denial of summary judgment and examines all the evidentiary matters before it: admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt. Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001) (quot *390 ing Heigle v. Heigle, 771 So.2d 341, 345 (¶ 8) (Miss.2000)). We have also held that the non-moving party must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Dailey v. Methodist Medical Center, 790 So.2d 903, 915-16 (¶ 15) (Miss.Ct.App. 2001).
I. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT BECAUSE MATERIAL ISSUES OF FACT WERE ESTABLISHED AND THE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.
II. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT AS TO PLAINTIFFS’ CAUSE OF ACTION IN NEGLIGENCE.
III. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT AS TO PLAINTIFFS’ CAUSE OF ACTION IN RES IPSA LOQUITER.
IV. IT WAS REVERSIBLE ERROR TO GRANT SUMMARY JUDGMENT AS TO PLAINTIFFS’ CAUSES OF ACTION IN STRICT LIABILITY.
DISCUSSION
¶ 9. The first four issues on appeal will be addressed together as they deal with the granting of summary judgment in favor of all appellees.
¶ 10. The Butlers argue that it' was reversible error for the Circuit Court of Panola County to grant all appellees’ motions for summary judgment due to there being genuine issues of material fact in dispute. We agree.
¶ 11. When reviewing all the evidence before the trial court, the Butlers have produced a material issue of fact. The Butlers contend that Janice was electrocuted by the PA system while all appellees attempt to lay the source of the electrical current on a frayed fan cord near the PA system. This dispute is an issue for a jury to decide.
¶ 12. The Butlers have produced an affidavit of an expert in electrical engineering, Johnny F. Cmaidalka, who stated to a reasonable degree of electrical probability that, “[t]he public address system in use by South Panola High School District did constitute an electrical shock hazard to users and it did subject Janice Butler to an electrical shock resulting in injuries.” Affidavits by appellees’ expert witnesses point to the frayed fan cord or some other source for the electrical shock. There is no agreement among the appellees’ experts as to the source of the shock.
¶ 13. The Butlers have produced an affidavit of an eyewitness to the accident, Mesha Madison. In her affidavit Madison states that Janice was making announcements to the school when she saw Janice knocked backward.
¶ 14. Through a review of the evidence produced in the lower court, it can be proven that Upchurch repaired the PA system and was responsible for its maintenance; Telex was the manufacturer of the microphone; Bogen was the manufacturer of the amplifier and J.W. Davis was the manufacturer of the auxiliary amplifier.
¶ 15. When this evidence is viewed with all favorable inferences toward the Butlers, the appellees have not met the burden necessary to be granted their motion for summary judgment. There are issues of fact that should be decided by a jury and not determined by a judge through summary judgment.
*391 Y. IT WAS REVERSIBLE ERROR TO DENY PLAINTIFFS’ MOTION TO COMPEL ANSWERS TO DISCOVERY AND TO GRANT SUMMARY JUDGMENT WITHOUT ALLOWING PLAINTIFFS MEANINGFUL DISCOVERY.
DISCUSSION
¶ 16. This case had been on the lower court’s docket for nearly two years when the motions for summary judgment were filed. The appellees had been engaged in discovery from the Butlers for nearly the entire time. The appellees propounded discovery requests and took depositions in a timely manner. The Butlers did not make any discovery request from the appellees until the motions for summary judgment were filed with the court. Following the requests submitted to them, the appellees timely filed their responses. The Butlers had over two years to develop their case and by reviewing the record had enough evidence to proceed without further discovery. There was no error committed by the trial court in failing to grant the Butlers’ motion to compel or motion for additional time to conduct discovery. This issue is without merit.
CONCLUSION
¶ 17. This Court reviews motions for summary judgment de novo. Having reviewed the record in this case we find that the Butlers met their burden to survive the motion for summary judgment and should have been allowed to present their case to a jury. The Butlers, however, did have enough time and evidence to proceed and are not entitled to additional time for discovery in this case.
¶ 18. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT IS REVERSED AND REMANDED IN PART, GRANTING SUMMARY JUDGMENT AND AFFIRMED IN PART, DENYING ADDITIONAL TIME FOR DISCOVERY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, ISHEE AND ROBERTS, JJ., CONCUR. GRIFFIS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, J.