CARLTON, J.,
for the Court:
¶ 1. Dempsey Sullivan and Terrell Stubbs (collectively, Sullivan) appeal the Simpson County Chancery Court’s grant of summary judgment in favor of Samuel Maddox and Steve Maddox (collectively, the Maddoxes). Sullivan also appeals the chancellor’s imposition of sanctions against Sullivan pursuant to Mississippi Rule of Civil Procedure 11, and also the chancellor’s denial of Sullivan’s motion to recuse.[1] This case concerns Sullivan’s attempt to confirm and quiet title, by adverse possession, to property with a title vested in the United States. Finding no error, we affirm.
FACTS
¶ 2. On August 26, 2005, Sullivan filed a complaint in the Simpson County Chancery Court seeking to confirm and quiet his title to approximately eleven acres of real property in Simpson County, Mississippi.[2] Sullivan filed his complaint in response to the Maddoxes’ claim to the same parcel of land. In his complaint, Sullivan *78 claimed that he possessed the subject property by virtue of actual possession, thus fulfilling the adverse-possession requirements set forth in Mississippi Code Annotated section 15-1-13 (Rev.2012). Sullivan acknowledged that no accurate description of the real property existed, asserting no survey had been made or could be made prior to the filing of his complaint. Sullivan also requested and received a temporary injunction requiring the Maddoxes to remain on their side of the fence on the property.
¶ 8. In response to the injunction, the Maddoxes filed a counterclaim and third-party complaint on October 7, 2005. The Maddoxes later filed a joint motion for summary judgment on April 6, 2011, asserting that title to the subject property was vested in the United States, and therefore, neither Sullivan nor the Mad-doxes could make a claim to the property. In support of their argument, the Maddox-es provided an affidavit from Charles Hugh Craft, a licensed professional surveyor (PLS), who opined that the United States had never issued a patent conveying the property out of the public domain. Sullivan responded to this allegation by maintaining that he had possessed the property exclusively for thirty-nine years.
¶4. Then, on April 12, 2011, Sullivan filed a motion for the chancellor’s recusal. The Maddoxes responded by asserting that the motion for recusal had fatal defects because it failed to comply with the express dictates of Uniform Chancery Court Rule 1.11. Specifically, the Mad-doxes alleged that Sullivan had failed to timely file the motion[3] and that the motion did not include the mandatory affidavit “setting forth the factual basis underlying the asserted grounds for recusal.” See UCCR 1.11.
¶5. On May 3, 2011, the parties appeared in the Simpson County Chancery Court for a hearing. The chancellor heard Sullivan’s motion for recusal first. The motion for recusal alleged that Wesley Broadhead, one of the attorneys representing the Maddoxes, had previously represented the husband of the chancery court administrator in a criminal appeal pending in the Simpson County Circuit Court. The chancellor took judicial notice of this fact, and the chancellor also acknowledged to both parties in open court that Sullivan’s counsel, Terrell Stubbs, had previously represented the chancery court administrator in a divorce action. The chancellor noted that Stubbs had failed to disclose this prior relationship. In ruling on the motion for recusal, the record shows the chancellor acknowledged “the question posed by the motion to recuse was if a reasonable person would doubt the court’s impartiality to the litigants in this case because an attorney for the litigants represented the husband of the court administrator” in a pending criminal appeal. The chancellor denied the motion to recuse, finding that the motion for recusal failed to comply with Rule 1.11. The chancellor also held that the basis stated in the motion for recusal constituted insufficient grounds for recusal under Canon 3 of the Code of Judicial Conduct.
¶ 6. The chancellor’s order granting summary judgment reflects that on the *79 morning of trial, Sullivan’s counsel attempted to make a proffer alleging an unreported campaign contribution to the chancellor, without providing a motion for recusal on this basis or a supporting affidavit setting forth any facts underlying the allegation. The chancellor determined that the unsubstantiated accusation directed at the chancellor constituted a derogatory remark alleging misconduct, and -he determined that Sullivan’s counsel asserted the remark as a threat.
¶ 7. After hearing oral argument on the Maddoxes’ joint motion for summary judgment, the chancellor determined that title to the subject property had indeed previously vested in the United States, and thus held that pursuant to 28 U.S.C. § 2409a(n),[4] the parties could not adversely possess sovereign property. The chancellor also explained that the chancery court lacked jurisdiction to award title to real property if that property still constituted part of the public domain and still vested in the United States.
¶ 8. In his May 25, 2011 judgment, the chancellor noted that after the hearing on May 3, 2011, Sullivan’s counsel, Stubbs, informed the chancellor of the following:
Prior to the filing of the complaint ... on or about August 26, 2005, [Stubbs] had informed [Sullivan] that he had a poor or weak case against the [Maddox-es] due to the fact that there was no government survey, [that] no patent issued out of the United States of America, that he had no description of the boundaries of the land in dispute!, that] he had no color of title and that he could not deraign title in the pleadings....
The record further reflects that Stubbs informed the chancellor that he had required Sullivan to sign a waiver acknowledging that Stubbs had advised him of the problems with Sullivan’s claim. The chancellor acknowledged that Sullivan’s expert witness, Bill Miller, PLS, confirmed in his deposition testimony that the United States had issued no patent conveying the subject real property.
¶ 9. Based on these findings, the chancellor entered an order granting summary judgment on May 25, 2011, dismissing the claims of all parties with prejudice. The chancellor ordered that sanctions would be assessed on May 31, 2011. On May 19, 2011, the Maddoxes filed a motion for sanctions against Sullivan and Stubbs, alleging that both Sullivan and Stubbs were aware prior to the commencement of the suit that the lawsuit “was without hope of success” and requesting sanctions under Mississippi Rule of Civil Procedure 11 and the Litigation Accountability Act.
¶ 10. On May 31, 2011, the parties appeared before the chancellor on the Mad-doxes’ motion for sanctions. The Maddox-es filed the sanctions motion after the chancellor had determined Sullivan’s complaint and motion for recusal were frivolous. The Maddoxes called Steven Maddox and two practicing attorneys, Wayne Easterling and Robert Germany, as witnesses in support of the motion for sanctions. On direct examination, Steven’s counsel moved to admit the following: a letter from the office of Attorney R.K. Houston; statements from the office of Attorney David Ringer; and invoices from the Maddoxes’ attorney, Russ Sykes. The chancellor admitted this evidence over the objection of Sullivan’s counsel.
¶ 11. On June 15, 2011, the chancellor entered a final judgment imposing sanctions by awarding the Maddoxes attorneys’ fees, expenses, and costs in the amount of $42,922.91, to be paid jointly by Sullivan *80 and his counsel, Stubbs. In sanctioning Sullivan and Stubbs, the chancellor specifically found that the following actions demonstrated frivolous pleadings had been filed and frivolous arguments had been made for the purposes of harassment and delay, without substantial justification, and with disrespect for the integrity of the court: (1) Stubbs’s admission that before commencement of the action he had advised Sullivan of the weakness of his claim to confirm and quiet title; (2) Sullivan and Stubbs’s failure to abandon the claim after their expert witness testified in his deposition that the United States had issued no patent for the subject property; (3) Sullivan and Stubbs’s failure to make any effort to determine the validity of the claim before raising it; and (4) the filing of an improper motion for recusal and false allegations against the court. The chancellor held that these various actions constituted a willful violation of Rule 11 and the Litigation Accountability Act, as well as Rule 8.2(a) of the Rules of Professional Conduct (prohibiting a lawyer from making a statement that he knows to be false or making a statement with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge).
¶ 12. On July 8, 2011, Sullivan appealed the final judgment, asserting seven assignments of error, which are listed in his brief as follows:
I. Whether the chancellor erred in precluding [Sullivan from having] a fair opportunity to present evidence on his motion for recusal or make a proffer on the record, in considering ex parte communications, and [in] testifying against [Sullivan] and his counsel in denying said motion.
II. Whether the chancellor erred by granting the [Maddoxes’] joint motion for summary judgment because genuine issues of material fact exist and the Maddoxes did not have standing to assert the interests of the United States of America.
III. Whether the chancellor erred in precluding [Sullivan from receiving] a fair opportunity to present evidence on his motion for recusal on May 4, 2011[,] and denying said motion.
IV. Whether the chancellor erred by denying [Sullivan] and his counsel due process of law when the chancellor found [Sullivan’s] complaint and motion for recusal to be frivolous.
V. Whether the chancellor’s finding that [Sullivan’s] complaint and motion for recusal were frivolous is not supported by the evidence and is prejudicial, unreasonable, arbitrary, and inconsistent with substantial justice.
VI. Whether the attorneys’ fees awarded to the Maddoxes are supported by the evidence and [whether they are] excessive, if this [C]ourt finds the chancellor did not err in finding said action to be frivolous.
VII. Whether the chancellor improperly injected himself into the proceedings, advocated for the Mad-doxes, and was partial to the Maddoxes and their counsel and violated various canons of judicial conduct.
For purposes of clarity in our discussion, we have combined several of Sullivan’s issues.
STANDARD OF REVIEW
¶ 13. The determination of whether jurisdiction over a particular matter is proper is a question of law; therefore, this Court must apply a de novo standard of review to this issue. Sanderson Farms, Inc. v. Gatlin, 848 So.2d 828, 841 (¶38) *81 (Miss.2003) (citing Entergy Miss., Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05 (¶ 5) (Miss.1998)).
¶ 14. Similarly, this Court employs a de novo standard of review for a trial court’s grant or denial of summary judgment. Butler v. Upchurch Telecomms. & Alarms, Inc., 946 So.2d 387, 389 (¶ 8) (Miss.Ct.App.2006). Our review involves examining all the evidentiary matters before the trial court “in the light most favorable to the party against whom the motion has been made.” Id.; see also M.R.C.P. 56(c). In the event that no genuine issue of material fact appears, and the moving party is entitled to a judgment as a matter of law, then the trial court should enter summary judgment in favor of the moving party. Butler, 946 So.2d at 389 (¶ 8). “Otherwise, the motion should be denied.” Id. Additionally, the moving party bears the burden of demonstrating that no genuine issue of fact exists. Id. “We have also held that the non-moving party must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Id. at 390 (¶ 8).
¶ 15. Regarding motions for recu-sal, the supreme court has clarified that appellate court must apply the manifest-error standard when reviewing a judge’s refusal to recuse himself. Bredemeier v. Jackson, 689 So.2d 770, 774 (Miss.1997) (citing Davis v. Neshoba Cnty. Gen. Hosp., 611 So.2d 904, 905 (Miss.1992)). In applying this standard of review to a denial of a recusal motion, we acknowledge that the law presumes the impartiality of the trial judge. Bredemeier, 689 So.2d at 774.
¶ 16. The supreme court has clearly stated that the proper standard of review for the question of whether to apply sanctions is an abuse-of-discretion standard. Ill. Cent. R.R. v. Broussard, 19 So.3d 821, 823 (¶ 8) (Miss.Ct.App.2009). “Rule 11 states ... that the decision to award sanctions is within the discretion of the trial court.” Broussard, 19 So.3d at 823 (¶ 8). In addition, “[wjhen reviewing a decision regarding the imposition of sanctions pursuant to the Litigation Accountability Act, this Court is limited to a consideration of whether the trial court abused its discretion.” Id.
DISCUSSION
I. Summary Judgment
¶ 17. Sullivan argues that the Maddox-es failed to demonstrate that no genuine issue of material fact existed, and that the chancellor erred in granting summary judgment. Sullivan further asserts that the Maddoxes lacked proper standing to assert that title to the property at issue was vested in the United States. Sullivan also submits that “all of the parties to this action were properly before the court[,] and all parties were claiming title to the subject property.”
¶ 18. The moving party shall be granted summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “Otherwise, the motion should be denied.” Butler, 946 So.2d at 389 (¶ 8). Additionally, the moving party bears the burden of demonstrating that no genuine issue of fact exists. Id.
¶ 19. The Quiet Title Act, 28 U.S.C. § 2409a, establishes a limited waiver of the United States’ sovereign immunity for action to acquire title from the federal government. However, the United States Court of Appeals for the Ninth Circuit has explained that “[ejxclusive jurisdiction in quiet[-]title actions against the *82 United States is vested in federal courts.A state court does not have jurisdiction to decide quiet[-]title actions against the United States.” McClellan v. Kimball, 623 F.2d 83, 86 (9th Cir.1980) (citing 28 U.S.C. § 1346(f)); see also Brown v. Johnson, 373 F.Supp. 973, 974-75 (S.D.Tex.1974).
¶ 20. Furthermore, 28 U.S.C. § 2409a(n) provides: “Nothing in this section shall be construed to permit suits against the United States based upon adverse possession.” In following federal statutory law, the United States Court of Appeals for the Fifth Circuit has acknowledged that “[tjitle by adverse possession ... may not be asserted against the [United States].” United States v. Denby, 522 F.2d 1358, 1364 (5th Cir.1975). In United States v. Lemon, 632 F.Supp. 431, 435 (D.Colo.1986), a party sued the United States and claimed title to real property by virtue of adverse possession. The Lemon court dismissed the claim, explaining: “Although Congress has waived sovereign immunity in suits against the United States to quiet title, see 28 U.S.C. 2409a(a), Congress expressly conditioned that waiver to preclude a claim based upon adverse possession.” Lemon, 632 F.Supp. at 435.
¶ 21. In addressing whether the circuit court possessed jurisdiction to hear the present matter, we note that our supreme court has previously stated that “[s]ubject[-]matter jurisdiction is a threshold inquiry which must be determined before a court may proceed to the merits.” Schmidt v. Catholic Diocese of Biloxi, 18 So.3d 814, 821 (¶ 13) (Miss.2009). “When a plaintiffs allegations of jurisdiction are questioned, the plaintiff bears the burden to prove jurisdiction by a preponderance of the evidence.” Id. at 822 (¶ 14) (citations omitted).
¶ 22. Upon review and in light of 28 U.S.C. § 2409a(n), we find that Sullivan provided no proof that the Simpson County Chancery Court possessed sub-jeet[-]matter jurisdiction to hear Sullivan’s claim to quiet title against the United States by virtue of adverse possession. We thus affirm the chancellor’s grant of summary judgment because the chancery court lacked jurisdiction to hear the matter, and no factual grounds supported the claims raised by Sullivan.
II. Motion for Recusal
¶ 23. Sullivan next claims that the chancellor erred in denying him an opportunity to present any evidence in support of his motion for recusal. Sullivan also argues that the chancellor erred in refusing to allow Sullivan to present what he claims as “new evidence of unreported campaign contributions” to the chancellor by the opposing party, the Maddoxes.
.¶ 24. Uniform Chancery Court Rule 1.11 allows a party to move for the recusal of a chancellor “if it appears that the judge’s impartially might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law.” Rule 1.11 mandates that a motion for recusal must be filed with an affidavit “setting forth the factual basis underlying the asserted grounds for recusal and declaring that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true.” Additionally, the motion must “be filed with the judge who is the subject of the motion within 30 days following notification ... of the judge assigned to the case” or “within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted.”
¶ 25. As stated, the Mississippi Supreme Court has established that the *83 manifest-error standard of review applies to the appeal of the denial by a trial judge of a motion to recuse. Bredemeier, 689 So.2d at 774. Pursuant to the Code of Judicial Conduct, a judge must disqualify himself when that judge’s “impartiality might be questioned by a reasonable person knowing all the circumstances ... including but not limited to instances where: ... the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding!.]” See Code of Judicial Conduct, Canon 3(E)(1)(a). The supreme court has established the test for recusal as follows: Would “a reasonable person, knowing all the circumstances, ... harbor doubts about [the judge’s] impartiality?” In re Conservatorship of Bardwell, 849 So.2d 1240, 1247 (¶ 20) (Miss.2003) (citations omitted). An appellate court must presume a judge to be qualified and unbiased, and that presumption must be overcome by evidence producing a “reasonable doubt ... about the validity of the presumption[.]” Turner v. State, 573 So.2d 657, 678 (Miss.1990).
¶ 26. The record shows that the chancellor denied Sullivan’s motion for re-cusal after ruling that the motion failed to comply with Rule 1.11 due to its untimely filing and because it did not contain the requisite supporting affidavit. Sullivan has provided no explanation on appeal for this defect in the record. During the hearing on the motion for recusal, the chancellor referenced the Canons of Judicial Conduct, specifically Canon 3(E), and the chancellor stated: “I don’t find the fact that Mr. Broadhead represented ... the husband of the court administrator ] falls within the purview of Canon 3(E).” The chancellor acknowledged Sullivan’s failure to attach the requisite Rule 1.11 supporting affidavit to his motion, stating the following:
All I can gather from the motion is that Mr. Broadhead represented ... the husband of the court administrator.... And I don’t see that that is any evidence of bias or impartiality on the court’s part. So based on the motion, based on the failure to file the an affidavit setting forth grounds; I’m not going to entertain testimony from witnesses or any other facts not alleged in that motion. The purpose of the affidavit is to place the court on notice of the facts and to place opposing counsel and parties on notice of the facts so that a determination can be made before trial on what to do. Here there are not any facts. No affidavit. This is the day of trial. So I’m not going to take up the court’s time by taking testimony[,] and I’m going to enter an order denying [Sullivan’s] motion for recusal.
In his order denying the motion for recu-sal, the chancellor reiterated that he:
ha[d] no personal bias or prejudice concerning any part of this action nor any personal knowledge of the disputed evi-dentiary facts concerning the proceeding. The motion alleged that Wesley Broadhead, one of the attorneys of record, represented the court’s administrator’s husband in a criminal proceeding. The husband is not a party to this proceeding[.]
¶ 27. Sullivan based his motion for re-cusal on the professional relationship of the Maddoxes’ attorney in the representation of the husband’ of the court administrator in a sepárate and distinct criminal proceeding. The chancellor acknowledged these facts and reminded Sullivan that the husband of the court administrator was not a party to the present proceeding. See Murphree v. Cook, 822 So.2d 1092, 1100 (¶ 29) (Miss.Ct.App.2002) (This Court found no abuse of discretion where the chancellor failed to recuse himself after *84 the chancery clerk of the county testified as a witness in the trial.). Regarding the assertions raised in the recusal motion, the chancellor also specifically stated on the record that he possessed no bias or prejudice concerning the parties or the proceedings. Upon review of the record, we find that Sullivan failed to present evidence in support of his motion for recusal raising a question as to the chancellor’s impartiality. We therefore find that Sullivan failed to provide any proof to show reasonable doubt as to the presumption that the chancellor was unbiased and qualified. We also note that the record contains no second motion for recusal filed by Sullivan to address the “new evidence” of an alleged campaign contribution.
¶ 28. Therefore, based on the record before us and the applicable law, we find no manifest error in the chancellor’s denial of the motion to recuse.
III. Sanctions
¶ 29. Sullivan also argues that the chancellor erred in finding Sullivan’s complaint and motion for recusal frivolous, resulting in sanctions imposed on Sullivan and his legal counsel, Stubbs, with an award of attorneys’ fees to the Maddoxes pursuant to Mississippi Code Annotated section 11-55-5 (Rev.2012) (Litigation Accountability Act) and Rule 11. Sullivan argues that the award of attorneys’ fees and sanctions denied Stubbs and him due process of law. As previously stated, this Court reviews the chancellor’s award of sanctions under Rule 11 and the Litigation Accountability Act (the Act) for an abuse of discretion. Broussard, 19 So.3d at 823 (¶ 8); Choctaw, Inc. v. Campbell-Cherry-Harrison-Davis and Dove, 965 So.2d 1041, 1045 n. 6. (Miss.2007).
¶ 30. In identifying the factual basis supporting the imposition of sanctions in this case, the chancellor specifically found that the following actions evidenced that frivolous pleadings had been filed and frivolous arguments had been made for the purposes of harassment and delay, without substantial justification, and with disrespect for the integrity of the court: (1) Stubbs’s admission that he had advised Sullivan of the weakness of his claim prior to commencing the action; (2) Sullivan and Stubbs’s continued pursuit of the claim after their expert witness testified in his deposition that the United States had issued no patent for the subject property; (3) Sullivan and Stubbs’s failure to make any effort to determine the validity of ■ the claim before commencing the action; and (4) the filing of an improper motion for recusal and false allegations against the court. The chancellor held that these actions constituted a willful violation of Rule 11 and the Act, as well as Rule 8.2(a) of the Mississippi Rules of Professional Conduct. The chancellor awarded attorneys’ fees, expenses, and costs in the amount of $42,922.91 to the Maddoxes. The chancellor clarified that the award should be a judgment against Sullivan and his attorney, Stubbs, jointly.
¶ 31. Both Rule 11 and the Act authorize an award of attorneys’ fees and expenses as a sanction for certain filings. According to Rule 11(b), the trial court may award expenses or attorneys’ fees “[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay-” M.R.C.P. 11(b). Similarly, the Act states in part:
in any civil action commenced or appealed in any court of record in this state, the court shall award ... reasonable attorney’s fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action ... that is without *85 substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment. ...
Miss.Code Ann. § 11-55-5(1).
¶ 32. The Act defines a claim brought “without substantial justification” to be one that is “frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Miss.Code Ann. § 11-55-3(a) (Rev.2012). This Court employs the same test to determine whether a filing is frivolous under both Rule 11 and the Act. Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 197 (Miss.1995). A claim is frivolous when “objectively speaking, the pleader or movant has no hope of success.” Id. at 195 (citation omitted); see also Broussard, 19 So.3d at 823-24 (¶¶ 10-11).
¶ 33. We find the record reflects uncon-tradicted and clear evidence showing that Sullivan and Stubbs were aware before commencing the action that their claim had no hope of success. Specifically, we note the chancellor’s order granting summary judgment reflects that Stubbs admitted to the chancellor that he had informed Sullivan the case against the Maddoxes was weak due to the lack of the following: a government survey; a patent issued by the United States; or a description of the boundaries of the land in dispute. The chancellor also acknowledged that Sullivan’s expert witness, Bill Miller, PLS, testified in his deposition and confirmed that the United States had issued no patent conveying the subject real property. The record similarly provides no evidentiary support for Sullivan’s allegations of unreported campaign contributions to the chancellor from the Maddoxes, which Sullivan alleged on the day of the summary-judgment and motion-for-recusal hearings in an attempt to delay the case or have the chancellor recuse himself. We thus find no abuse of discretion in the chancellor’s finding that Sullivan’s complaint and motion for recusal constituted frivolous filings made for the purposes of harassment and delay.[5] Accordingly, we find that the chancellor was within his discretion to impose sanctions against Sullivan and Stubbs and to award attorneys’ fees to the Mad-doxes.
¶ 34. Sullivan also asserts that the chancellor’s award of sanctions deprived him of his property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. Specifically, Sullivan claims that the chancellor ruled on the issue of sanctions while all of the parties to the present case stood before the chancellor on an unrelated matter. Sullivan argues that the chancellor failed to provide the parties with proper notice of the chancellor’s intention to “reopen the case sua sponte” and rule on the issue of sanctions.
¶ 35. The record reflects that both parties received notice of a May 31, 2011 hearing regarding the Maddoxes’ motion for sanctions. The record also reflects that the chancellor’s May 25, 2011 order granting summary judgment provided that a hearing would be held on May 31, 2011, to address the matter of sanctions. The order further stated that the chancellor would retain jurisdiction over the matter for the consideration of sanctions. The transcript reflects that on May 31, 2011, the date set forth in the order granting summary judgment, the chancellor rendered his opinion from the bench on the issue of sanctions and attorneys’ fees in the present matter. The record also reflects that the chancellor rendered this opinion after the conclusion of a different *86 and unrelated case involving the same parties to the present action.
¶ 36. Stubbs objected to proceeding with the matter of sanctions until the parties had time to conduct discovery. The record reflects that the chancellor agreed repeatedly to give Sullivan and Stubbs thirty days to conduct discovery regarding attorneys’ fees, stating at one point on the record: ‘Tour request for thirty days to do discovery is granted.” However, after further discussion, Stubbs responded, “Judge, if we’re going — going to [be] pinned down with any more costs, we’d just [as] soon go ahead today. Let’s just get it done today. I’d rather just withdraw that, and get it done today.” The chancellor then proceeded with the hearing on the matter of sanctions.
¶ 37. During the hearing, • the chancellor heard testimony from Steven Maddox. The Maddoxes also presented expert testimony from Robert Germany and Wayne Easterling[6] regarding the reasonableness and necessity of attorneys’ fees. The chancellor proceeded to make findings on the record and impose sanctions against Sullivan and Stubbs based on the frivolous suit pursuant to Rule 11 and the Act. The chancellor acknowledged, “[I]f the court awards attorney[s’] fees as part of the sanctions, I think I’m required to go through certain factors to determine the amount and the reason behind the amount.” In his final judgment entered June 13; 2011, the chancellor stated:
The exhibits and testimony of the witnesses, who were subject to cross[-]examination, satisfies the court that the [attorneys^] fees are reasonable as required by Rule 1.5 of the [Mississippi] Rules of Professional Conduct in that the fees were charged by the hour, the fees and expenses were within the range customarily charged within the locality, services were rendered by one attorney at a time, the time and labor required, the novelty and difficulty of the claims involved, and the skill required to perform the legal service properly.
The supreme court stated in Mabus v. Mabus, 910 So.2d 486, 489 (¶ 9) (Miss.2005), that where a trial judge relies “on substantial credible evidence in the record regarding attorney’s fees,” the trial judge has not abused his discretion. We thus find that the chancellor in this case did not abuse his discretion in awarding reasonable attorneys’ fees to the Maddoxes. See McKee v. McKee, 418 So.2d 764, 767 (Miss.1982).
¶ 38. After reviewing the record, we find that Sullivan and Stubbs were presented with sufficient notice that the chancellor would make his findings regarding sanctions on May 31, 2011. See M.R.C.P. 6(d).[7] Additionally, the transcript reflects that although the chancellor agreed to Stubbs’s request for additional time to con *87 duct discovery, Stubbs then requested to proceed with the matter as scheduled.[8] This issue lacks merit.
¶ 39. In affirming the judgment imposing sanctions against Sullivan and Stubbs, we deny the motion Sullivan and Stubbs filed with this Court on May 17, 2012, seeking an injunction to remove the trial court’s judgment from the judgment roll and also seeking sanctions.
¶ 40. THE JUDGMENT OF THE SIMPSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. With respect to the Maddoxes’ motion to correct the record and supplement the record with the deposition of Bill Miller, a licensed professional surveyor, we find that Miller’s deposition testimony that is the subject of the motion to supplement was attached to the Maddoxes’ original motion for summary judgment as an exhibit and is therefore appropriate to include in the record. Evidencing its inclusion as an exhibit to the original summary-judgment motion, the trial judge referred to Miller's deposition testimony in finding that the United States had issued no patent conveying the property at issue out of the public domain. The Maddoxes' motion to supplement the record is therefore granted.

. The record reflects that Sullivan previously believed the subject property to be located in Smith County, Mississippi. However, in 2005 the Simpson County Tax Assessor’s Office determined that the property was located within the boundaries of Simpson County, Mississippi.

. Uniform Chancery Court Rule 1.11 provides, in pertinent part:
Such motion [for recusal] shall, in the first instance, be filed with die judge who is the subject of the motion within 30 days following notification to the parties of the name of the judge assigned to the case; or, if it is based upon facts which could not reasonably have been known to the filing party within such time, it shall be filed within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted.

. "Nothing in this section shall be construed to permit suits against the United States based upon adverse possession.” 28 U.S.C. § 2409a(n).

. Broussard, 19 So.3d at 823-24 (¶¶ 10-11).

. As stated, Sullivan objected to the expert witnesses’ testimony, arguing that the Mad-doxes had failed to designate the experts within the sixty days required by the Uniform Chancery Court Rules. The chancellor overruled the objection, stating:
[The Maddoxes are] calling witnesses to offer evidence as required by ... McKee v. McKee, [418 So.2d 764, 767 (Miss.1982) ]. And I think this is a ... situation ... where attorney [s'] fees is an issue after a case comes on for trial. So, I’m going to allow these witnesses to testify about attorney[s’] fees. They're not normal expert witnesses designated [in] anticipation of trial.

. Mississippi Rule of Civil Procedure 6(d) provides:
A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court.

. See Swington v. State, 742 So.2d 1106, 1112 (¶ 14) (Miss.1999) ("Failure to make a contemporaneous objection waives the issue on appeal.”).