# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-01242-SCT

*H.R. GARNER*

*v.*

*DAVID SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/15/2018 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| TRIAL COURT ATTORNEYS: | ELIZABETH PAIGE WILLIAMS |
| | KURT STEVEN SAUL, JR. |
| | GORDON CHARLES SHAW, JR. |
| | H. R. GARNER |
| | LEIGH A. RUTHERFORD |
| | JERRY WESLEY HISAW |
| | WILLIS HANKS JOLLY, III |
| | MELISSA CAROLYN DABAR |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JERRY WESLEY HISAW |
| ATTORNEY FOR APPELLEE: | GORDON CHARLES SHAW, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/27/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     A standing order in the Third Chancery Court District sets motion days in advance and assigns the particular judge who will preside that day.  This practice is explicitly authorized by Uniform Chancery Court Rule 1.06(C).  Under this rule, judges may hear all Mississippi Rule of Civil Procedure 81(d) matters—including contempt proceedings—on their assigned

motion day, even in cases not assigned to that particular judge.

¶2.     H. R. Garner, a practitioner in the Third Chancery Court District, knew the directives of this standing order. Yet Garner still claimed that his opposing counsel was judge shopping by filing a contempt petition against Garner's client and issuing a Rule 81(d) summons that noticed a hearing before a judge who had not been assigned the case. Although his opponent's actions were authorized by Rule 1.06(C) and the District's standing order, Garner filed what amounted to a hopeless motion to quash and for sanctions against him.

¶3.     In a twist, the Honorable Vicki B. Daniels—the judge actually assigned the contempt case—heard Garner's motion to quash and request for sanctions, which Garner continued to pursue even though he was in front of his preferred judge. After reviewing the motion, Judge Daniels found what Garner's opposing counsel had done was a "common practice" and was not improper. This prompted Garner's opposing counsel to urge Judge Daniels to instead sanction Garner for filing a hopeless and frivolous motion, which she did. Judge Daniels sanctioned Garner and his client $1,000 under Rule 11 and the Litigation Accountability Act.

¶4.     Seeing no abuse of discretion in Judge Daniels awarding sanctions against Garner, this Court affirms.

### Background Facts and Procedural History

¶5.     This appeal stems from a lengthy chancery court battle in which Judge Percy Lynchard had already ordered Garner's client, April Garner, to pay $8,742.50 in sanctions and attorneys' fees to David Smith. Per Judge Lynchard's order, April was required to pay at least $500 per month beginning June 1, 2018, with the entire amount due within 180 days.

2

But June and then mid-July passed without April making any payments. So David filed a petition to cite April for contempt. Because the underlying litigation had ended and was on appeal, David filed his contempt petition as a new action. Although Judge Lynchard had presided over the underlying litigation, David's contempt petition was assigned to Judge Vicki Daniels.

¶6. Since David's petition was for contempt, he issued a Mississippi Rule of Civil Procedure 81(d) summons. The summons noticed a July 25, 2018, 9:00 a.m. hearing at the Tate County Courthouse. By standing order, that date and time had been reserved for hearings before Judge Lynchard, not Judge Daniels. April's counsel, Garner, was upset about this. And he responded by filing a motion to dismiss the petition, arguing service under the summons was improper. While the standing order's terms permitted David to proceed in this manner, Garner insisted David violated Uniform Chancery Court Rule 1.06(A) by setting a hearing before Judge Lynchard when the case was assigned to Judge Daniels. Though he lacked a legitimate basis, Garner requested sanctions and attorneys' fees.

¶7. On July 19, 2018, Garner received an email from a court administrator explaining, "[i]t is fine [for David] to have the Rule 81 Summons" returnable to Judge Lynchard. But the administrator explained Judge Lynchard was not able to hear the matter. Instead, the case would be continued for Judge Daniels to hear it. Curiously, the next day, Garner filed a motion, this time to quash the petition, before Judge Daniels. In it, he argued David's summons violated Rule 1.06(A)'s prohibition against judge shopping, venue was improper,

3

and service of process was insufficient.

¶8. On July 23, 2018, Judge Daniels heard Garner's motion to quash. At that hearing, Garner argued David improperly served April and violated Rule 1.06(A). Garner was familiar with the special order that had been signed on September 13, 2017, by Judge Lynchard, the senior chancellor for the District. But he argued the order amounted to an invalid "local rule," because it had never been approved by this Court. And even so, Garner argued it did not apply to Rule 81(d)(2) matters. In Garner's view, the summons should have been made returnable to Judge Daniels who had been assigned the contempt petition.

¶9. Judge Daniels disagreed. She found Judge Lynchard's standing order simply implemented what is expressly authorized by Rule 1.06(C)—it set motion practice days and judicial assignment in advance and stated that a Rule 81(d) summons may be made returnable to any chancellor. Judge Daniels emphasized that what David did here was "a common practice" and that "he [was] not trying to pull a fast one." As she put it, David had not "done anything improper." Because David's summons complied with these rules, Judge Daniels denied the motion to quash.

¶10. At this point, David made a verbal motion for sanctions against April and Garner for filing a frivolous motion. And Judge Daniels sanctioned the two under Mississippi Rule of Civil Procedure 11 and the Litigation Accountability Act of 1988 (Act). She assessed $1,000 in attorneys' fees and expenses against April and Garner. But Judge Daniels eventually released April from these sanctions. Garner now appeals the sanctions award to this Court.

**Discussion**

4

¶11. This Court reviews a trial judge's sanctions awards for abuse of discretion. ***In re Spencer***, 985 So. 2d 330, 336-37 (Miss. 2008). Absent a clear error of judgment, the trial court's decision will be affirmed. ***Id.***

### I. Motion to Quash

¶12. Garner's argument is twofold and involves the special order signed by Judge Lynchard. First, he argues Rule 81(d)(2) matters in the Third Chancery Court District may *only* be heard by the judge to whom the case is assigned. And therefore David's summons returnable before Judge Lynchard violated Rule 1.06(A) because he was attempting to judge shop.[1] His second attack hinges on his belief that the standing order signed by Judge Lynchard is really a local rule. And because this Court never approved it, Garner argues the order violates Rule 1.06(C).[2] After review, both arguments are baseless.

---

[1] Uniform Chancery Court Rule 1.06(A) states,

In multi-judge districts and courts, all civil cases shall be assigned immediately on the filing of the complaint by such method which shall insure that the assignment shall be random, that no discernable pattern of assignment exists, and that no person shall know to whom the case will be assigned until it has been assigned. If an attorney or party shall attempt to manipulate or defeat the purpose of this rule, the case shall be reassigned to the judge who would have otherwise received the assignment. If the judge who would have received the case under an assignment in compliance with this rule cannot be determined, a new assignment in compliance with the rule shall be made, excluding the judge to whom it was incorrectly assigned. Sanctions, including costs and attorney's fees, may be imposed by that judge on reassignment. Such sanctions may also include suspension from practice in the court imposing them for not more than 30 days and referral to the Bar for further discipline.

[2] Uniform Chancery Court Rule 1.06(C) states,

In districts where motion days are set in advance with judges specifically assigned, preliminary procedural matters and those enumerated under

5

### A. *Who May Hear Rule 81(d) Summonses*

¶13.    Uniform Chancery Court Rule 1.06(A) generally prohibits attorneys from judge shopping.  But Judge Daniels found David's actions were above board and permitted under this rule.  Indeed, there is an enumerated exception in Rule 1.06(C) for districts—like the Third Chancery Court District—that set motion days in advance, with specifically assigned judges.  In these districts, parties may have both preliminary procedural matters "and those matters enumerated under M.R.C.P. 81(d)(1) and (2) . . ." heard by the judge assigned such duties—even if the underlying case is not assigned to that judge.  UCCR 1.06(C).

¶14.    Despite citing Rule 1.06(C), which applies to both Rule 81(d)(1) and (2) summons, Garner claimed Judge Lynchard's standing order was more restrictive, applying only to Rule 81(d)(1) matters.  But this assertion is simply wrong.  The standing order by its express terms applies to all "81(d)" summonses.  So Rule 81(d)(2)[3] summonses for contempt are clearly

---

M.R.C.P. 81(d)(1) and (2) may be submitted to the judge assigned such duties, notwithstanding the fact that the case has been assigned to another judge. Furthermore, by local rule approved by the Supreme Court, the trial court may make special provisions accommodating local needs of economy and efficiency which might otherwise be at variance with this rule.

[3] Mississippi Rule of Civil Procedure 81(d)(2) states,

The following actions and matters shall be triable 7 days after completion of service of process in any manner other than by publication or 30 days after the first publication where process is by publication, to wit: removal of disabilities of minority; temporary relief in divorce, separate maintenance, child custody, or child support matters; modification or enforcement of custody, support, and alimony judgments; *contempt*; and estate matters and wards' business in which notice is required but the time for notice is not prescribed by statute or by subparagraph (1) above.

M.R.C.P. 81(d)(2) (emphasis added).

6

covered by the standing order. Therefore, Garner's motion to quash—premised on alleged judge shopping—was wholly unfounded and without justification.

### B. The Special Order Need Not Be Approved as a Local Rule

¶15. There is also no merit to Garner's argument that by not obtaining approval from this Court the standing order lacked teeth. While Garner is correct that some standing orders do require this Court's approval, this order is not one of them. The type of local rule requiring this Court's approval are those that conflict with or vary from Rule 1.06. The rule itself spells this out: "Furthermore, by local rule approved by the Supreme Court, the trial court may make special provisions accommodating local needs of economy and efficiency which might *otherwise be at variance with this rule*." UCCR 1.06(C) (emphasis added). However, this order—as Judge Daniels correctly interpreted it—is nothing more than an order implementing Rule 1.06(C). The order sets out the motion days for each of the chancellors in the district and states that "all [R]ule 81(d) Summons shall be made returnable to a Rule 81(d) Summons Return Date before any chancellor." The order makes no distinction between 81(d)(1) and (2) matters. And it contains no "special provisions" that vary from Rule 1.06. Thus, it need not be approved by this Court. For these reasons, David's Rule 81(d) summons noticing a hearing on his contempt petition before Judge Lynchard was clearly permissible under the rules.

### II. Sanctions

¶16. As discussed, Garner's motion to quash and for sanctions had zero chance of success when it was filed.

¶17. The Litigation Accountability Act of 1988 grants trial courts authority to sanction attorneys and parties for filings made without substantial justification or otherwise intended to harass or delay. *See* Miss. Code Ann. § 11-55-5(1) (Rev. 2012). An action or filing made without substantial justification is one that "is frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2012). Rule 11 likewise authorizes trial judges who find a motion or pleading is either frivolous or filed to harass or delay to sanction the sponsoring party, their attorney, or both. *See* M.R.C.P. 11; *see also **McNeese v. McNeese***, 129 So. 3d 125, 130-31 (Miss. 2013); ***Leaf River Forest Prods., Inc. v. Deakle***, 661 So. 2d 188, 196-97 (Miss. 1995).

¶18. This Court uses the same test under Rule 11—to decide if filings are frivolous—as it does when assessing filings under the Litigation Accountability Act of 1988. ***Sullivan v. Maddox***, 122 So. 3d 75, 85 (Miss. 2013). "A claim is frivolous when 'objectively speaking, the pleader or movant has no hope of success.'" ***Id.*** (quoting ***Deakle***, 661 So. 2d at 195).

¶19. Rule 1.06(C) authorized David's Rule 81(d) summons. And Garner knew the Third Chancery Court District sets motion days in advance with assigned judges. He also admitted that assigned chancellors could hear at least *some* Rule 81(d) matters, regardless of whether the case had been assigned to them. But Garner still proceeded to claim David "willfull[y]" failed to follow Rule 1.06—even though the rule and the standing order allows judges to hear *all* Rule 81(d) matters brought before them on a motion day. Because Judge Lynchard's order merely implemented Rule 1.06(C), Garner's motion to quash and request for sanctions against David had no hope of success. And Judge Daniels did not abuse her discretion by

8

sanctioning April and Garner.

### III. Mississippi Rule of Appellate Procedure 38

¶20. In his brief, David argues that Garner's appeal is frivolous. He asks this Court to award him damages and costs for responding to the appeal. Under Mississippi Rule of Appellate Procedure 38, this Court shall award damages and costs to the appellee if the Court determines an appeal is frivolous. *See* M.R.A.P. 38. This Court applies the same frivolous-filing test to appeals as it does for Rule 11 or Litigation Accountability Act of 1988 matters. *See **In re Estate of Cole v. Cole***, 256 So. 3d 1156, 1160 (Miss. 2018). Here, Garner is not challenging the chancellor's ruling on the motion to quash, which would have had no hope of success. Instead, he is asking this Court to review the chancellor's discretionary decision to award sanctions. Because of this distinction, we disagree that the appeal is frivolous, and we decline to award damages and appeal costs to David.

### Conclusion

¶21. Rule 1.06 makes no distinction between Rule 81(d)(1) and (2) matters. And Judge Lynchard's special order merely implements Rule 1.06(C). David's Rule 81(d) summons was proper, and Judge Lynchard was authorized to hear David's contempt petition. Therefore, Judge Daniels did not abuse her discretion by sanctioning April and Garner for pursuing a motion that had no chance of success.

¶22. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR. CHAMBERLIN, J., NOT PARTICIPATING.**

9