MODIFIED OPINION ON MOTION FOR REHEARING
LEE, P.J.,
for the Court.
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn, and this opinion is substituted in its place.
¶ 2. This appeal arises from the dismissal of the plaintiffs personal-injury lawsuit. The case was dismissed after the circuit court was notified that the plaintiff was deceased at the time the lawsuit was filed by the plaintiffs attorneys. Illinois Central Railroad Company (“Illinois Central”), the defendant in the case, now appeals the circuit court’s denial of its request for attorneys’ fees. We find no error and affirm.
FACTS
¶ 3. On April 12, 2006, a complaint was filed in the Warren County Circuit Court on behalf of Edwin L. Broussard. The complaint alleged claims for personal injuries as a result of Broussard’s exposure to asbestos while he was an employee of Illinois Central. In response, Illinois Central filed an answer, along with its requests for discovery. Illinois Central later filed a motion to compel after its requests for discovery went unanswered.
¶ 4. After conducting an independent investigation, Illinois Central discovered that Broussard was deceased at the time the lawsuit was filed. Broussard died on August 3, 2004, which was approximately one year and eight months before the complaint was filed on April 12, 2006.
¶ 5. On April 27, 2007, Illinois Central filed a motion to dismiss and a motion for attorneys’ fees and expenses under Rule 11 of the Mississippi Rules of Civil Procedure and the Litigation Accountability Act of 1988 (“the Act”), Mississippi Code Annotated section 11-55-1 to -15 (Rev.2002). On May 2, 2007, Broussard’s attorneys filed a motion to withdraw as counsel and cited Broussard’s failure to respond to mail correspondence and to phone calls as the grounds for the motion.
¶ 6. The circuit court granted Illinois Central’s motion to dismiss; however, lili- *823 nois Central’s request for attorneys’ fees was denied because the circuit court determined that the plaintiffs attorneys were not guilty of “the type of egregious conduct required by the Act and Rule 11 so as to warrant the assessment of attorney[s’] fees and expenses.” It is from that denial of attorneys’ fees that Illinois Central now appeals.
¶ 7. Illinois Central argues on appeal that: (1) the filing of a lawsuit in the name of a plaintiff who had died a year and eight months before the filing of the lawsuit was in error and requires the assessment of sanctions under Rule 11 and the Act; (2) the circuit court failed to apply the proper standard required when considering an award of attorneys’ fees; and (3) the circuit court erred in finding facts based on insufficient evidence to deny the motion for attorneys’ fees and expenses. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 8. Illinois Central contends that whether to impose sanctions under the Act and Rule 11 is a question of law that should be reviewed under a de novo standard of review, citing In re Estate of Ladner v. Ladner, 909 So.2d 1051, 1055 (¶ 15) (Miss.2004) as authority. However, we find that the supreme court has clearly stated that the proper standard of review for this issue is an abuse-of-discretion standard. Rule 11 states, and the Act has been interpreted to state, that the decision to award sanctions is within the discretion of the trial court. Miss.Code Ann. § 11-55-5 (Rev.2002); M.R.C.P. 11(b); Choctaw, Inc. v. Campbell-Cherry-Harrison-Davis and Dove, 965 So.2d 1041, 1045 n. 6 (Miss.2007). In Choctaw, Inc., the supreme court held that “[a]n extensive number of cases state that the proper standard of review regarding the imposition of sanctions is abuse of discretion.” Choctaw, Inc., 965 So.2d at 1045 n. 6. The supreme court further stated: “When reviewing a decision regarding the imposition of sanctions pursuant to the Litigation Accountability Act, this Court is limited to a consideration of whether the trial court abused its discretion.” Id. Accordingly, we conclude that abuse of discretion is the appropriate standard of review.
DISCUSSION
¶ 9 Illinois Central argues that the circuit court erred in denying its request for sanctions against counsel for Broussard because the filing of a claim on behalf of a deceased person is frivolous.
¶ 10 Both Rule 11 and the Litigation Accountability Act authorize an award of attorneys’ fees and expenses as a sanction for certain filings. According to Rule 11(b), the court may order expenses or attorneys’ fees “[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay .... ” M.R.C.P. 11(b). Similarly, the Act states in part:
in any civil action commenced or appealed in any court of record in this state, the court shall award ... reasonable attorney’s fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action ... that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment
Miss.Code Ann. § 11-55-5(1).
¶ 11. The Act defines a claim brought “without substantial justification” to be one that is “frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Miss.Code Ann. § 11-55-3(a) (Rev.2002). This Court uses the same *824 test to determine whether a filing is frivolous under both Rule 11 and the Act. Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 197 (Miss.1995). A claim is frivolous when “objectively speaking, the pleader or movant has no hope of success.” Id. at 195 (citation omitted).
¶ 12. In ruling on the issue of attorneys’ fees, the circuit court gave the following explanation:
I’m going to dismiss the action, but I’m not going to hold them accountable under 11-55-5 and assess attorneyfc’] fees because this action was an action arising — it’s not like they just were contacted by Mr. Broussard and didn’t do anything. This action was originally filed while he was alive in Hinds County. It was one of those mass lawsuits, and then it was at some point dismissed, and they had to re-file within a certain time limit and re-file in all the appropriate jurisdictions 175 cases. And re-filing it and then him dying in the interim between all of this going on, the Court does not see the type of egregious conduct that would be warranted under — particularly under Section [11-55-7]®, the extent to which reasonable effort was made. I think their efforts were reasonable in trying to get this matter — because if they waited too long to search all this out, then they’d run into a statute of limitations problem. And then they did contact — I believe in some of the pleadings you say they contacted you last November [to say] that they could not reach him. They filed it in April and then contacted you, saying, we can’t find the fella. So they filed the lawsuit and tried to follow up on it, and I don’t see the type of egregious conduct that would warrant sanctions under 11-55-5 in this particular action. He was alive when it was originally filed. The Court dismissed it and told them — gave them a year to re-file 175 cases. And then during all of that they filed it to protect him and then tried to find the — tried to find him and couldn’t find him after it was filed and notified you they couldn’t find him then, so — and you found out he was dead....
¶ 13 We agree that the filing of a claim for a deceased person is frivolous because the claim has no hope of success. However, Rule 11 states, and the Act has been interpreted to state, that the decision to award sanctions is within the discretion of the trial court. M.R.C.P. 11(b); Choctaw, Inc., 965 So.2d at 1045 n. 6. We find that the trial court was within its discretion to deny sanctions. As the circuit court judge stated in his order, “[Brous-sard’s counsel] filed lawsuit and tried to follow up on it, and I don’t see the type of egregious conduct that would warrant sanctions under 11-55-5 in this particular action. He was alive when it was originally filed.” Further, no assertion has been made that counsel for Broussard filed this action without substantial justification or for delay or harassment, which would warrant sanctions under the Act. Broussard’s counsel, unable to contact Broussard, pursued the lawsuit on Broussard’s behalf in order to avoid being barred by the statute of limitations. Therefore, we find that the circuit court did not abuse its discretion by denying an award of attorneys’ fees and expenses. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J„ CONCURS WITH SEPARATE *825 WRITTEN OPINION JOINED BY GRIFFIS AND CARLTON, JJ. MAXWELL, J., NOT PARTICIPATING.