CARLTON, J„
for the Court:
¶ 1. This consolidated appeal from three separate judgments first involves a dismissal of a tort claim filed in the Yalobu-sha County Circuit Court by Lawrence Covington against an estate in probate. Covington filed his claim as an alleged creditor with a judgment against the potential heirs of the estate of Darryl Wayne Necaise Sr. (the “Estate”). This appeal also involves the dismissal of Covington’s claim filed in the Yalobusha County Chancery Court against Shelia McDaniel, the executor and sole heir to the Estate. A 2007 tort action against Darryl Sr. and his heirs served as the basis of Covington’s claims against the Estate. In 2009, Cov-ington amended his claims in the 2007 tort action to obtain a judgment against the Estate, and he filed a new tort action against the Estate. The record reflects that Covington, however, failed to obtain such a judgment, or status as a creditor of the Estate, since the statute of limitations had expired and the action was not properly served upon the Estate or Darryl Sr. during his lifetime. Ultimately, this case addresses whether a judgment creditor of the potential heirs of an estate constitutes a creditor of the estate.
¶ 2. In his appeal from the circuit court, case number 2011-CA-01363, Covington raises the following assignments of error: whether the circuit court erred in granting (1) the Estate’s motion to dismiss his 2009 tort action; and (2) the Estate’s request for payment of attorney’s fees.
¶ 3. In his first appeal from the chancery court, case number 2011-CA-00094, Cov-ington argues that the chancery court erred in denying his (1) motion for reconsideration or a new hearing; (2) motions for relief from an order and for Mississippi Rule of Civil Procedure 11 sanctions; (3) motions for joinder in the petition to strike the will admitted to probate, for removal of the executor, and for admission of Darryl Sr.’s will to probate or, alternatively, a separate petition of Covington for the same relief; (4) motion and amended motion for a declaratory judgment; and (5) motion to compel an inventory, appraisal, and bond of the executor or administrator of the Estate.
¶ 4. Finally, in his second appeal from the chancery court, case number 2011-CA-01581, Covington argues: (1) the chancery court erred in granting McDaniel’s motion for Rule 11 sanctions; and (2) the chancery court erred in denying his motion for reconsideration.
¶ 5. Finding no error, we affirm.
*53 FACTS AND PROCEDURAL HISTORY
¶ 6. Because this consolidated appeal involves separate actions, one from the circuit court and the others from the chancery court, for purposes of clarity, we have separated the proceedings accordingly in our statement of the facts and procedural history.

Chancery Court Probate Proceedings

¶ 7. Darryl Sr., the decedent, married Linda Necaise in 1967. After several years, the two divorced, and a property-settlement agreement was incorporated into the divorce decree. A final judgment of divorce was entered on February 28, 2007.
¶ 8. On September 15, 2006, Darryl Sr. executed a last will and testament leaving all of his assets upon his death to his daughter, McDaniel. Then, Darryl Sr. died on February 6, 2009, and in March 2009, McDaniel probated Darryl Sr.’s will in the Yalobusha County Chancery Court.
¶ 9. Shortly thereafter, on May 28, 2009, Covington filed a “Verified Creditors’ Notice of Claim” against the Estate, alleging unliquidated claims for damages in an amount not to exceed $1,000,000, stemming from a judgment obtained in a tort action against the heirs of Darryl Sr. More specifically, Covington argued his claim as a judgment creditor against the potential heirs of the Estate arising from a lawsuit pending in the Yalobusha County Circuit Court, Lawrence Covington v. Darryl Necaise, Jr., Darryl Necaise, Sr., Linda Necaise, and Chris Long street, Cause No. CV-2007-0064-M-Y1 (hereinafter “2007 cause”). In the 2007 cause, Covington obtained a default judgment against the following heirs of Darryl Sr.: Darryl Wayne Necaise Jr.,[1] Linda,[2] and Chris Longstreet. Even though Covington named Darryl Sr. as a defendant, Covington failed to obtain a judgment against the deceased Darryl Sr. or the Estate in the 2007 tort action. The executor, McDaniel, correctly contends that Darryl Sr. was never served with process in the 2007 cause while he was living, and she raised Covington’s lack of any judgment against the Estate. Cov-ington was made aware of the defect in his claim against the Estate. We pause in our review of the procedural posture and assignments of error raised in the chancery proceedings to address the relevance of the matters concurrently filed in the circuit court.
¶ 10. After filing notice of Covington’s claim against the Estate, and upon learning of the defect in his claim against the Estate, on June 8, 2009, Covington’s counsel filed an amended complaint in the circuit court, adding the Estate as a defendant in the 2007 cause, the tort action that Covington previously failed to serve on Darryl Sr. while he was alive. However, this attempt to obtain a judgment against the Estate by amending the 2007 complaint was unsuccessful. As discussed further below, upon subsequent motion by the Estate, the circuit court dismissed the 2007 cause without prejudice.
¶ 11. Shortly thereafter, in the chancery court probate proceedings, on June 25, 2009, Linda, Darryl Sr.’s former spouse, filed a “Petition to Strike Will Admitted to Probate, for Removal of Executrix, and for the Admission to Probate the True Last Will and Testament of Darryl Wayne Necaise, Sr.” Covington claims that he was served with notice of Linda’s petition, and he asserts service of this notice upon him rendered him a party to the litigation contesting Darryl Sr.’s will. On July 2, 2010, McDaniel filed a motion to *54 dismiss Linda’s claims, and a hearing subsequently commenced.[3] On September 2, 2010, the chancery court dismissed with prejudice claims made by Linda against the Estate or McDaniel. The chancery court’s September 2, 2010 order of dismissal notes that Linda voluntarily dismissed all claims made by her against the Estate.
¶ 12. Then, in attempting to stand upon Linda’s petition to strike the will admitted to probate, Covington filed numerous motions against the Estate claiming a right to contest Darryl Sr.’s will and attempting to join in the relief previously requested by Linda. However, as previously mentioned, Linda abandoned her attempts to strike the will or contest the validity of the will probated. On October 11, 2010, the Estate filed a petition to contest Covington’s claim and a motion for sanctions against Coving-ton.[4]
¶ 13. In pursuit of a judgment against potential heirs as a creditor against the Estate, on November 15, 2010, Covington filed an “Amended Verified Creditor’s Notice of Claim,” making an unliquidated claim for damages against the Estate as a result of a new case[5] filed by Covington in the circuit court, Lawrence Covington v. The Estate of Darryl Wayne Necaise, Sr., Cause No. CV-2009-0089-B-YA (“2009 cause”). The record reflects that Coving-ton filed this amended claim using the newly filed 2009 circuit court tort claim. The executor, McDaniel, filed an objection to Covington’s amended creditor’s claim on November 24, 2010.
¶ 14. On December 6, 2010, the chancery court conducted a hearing and granted McDaniel’s motion to contest Covington’s creditor’s claim. Further, the chancery court denied the following motions previously filed by Covington: “Motion for Reconsideration or New Hearing or[, Alternatively], a Motion for Relief from Order and Motion for Rule 11 Sanctions”; [“Motion for] Joinder in Petition to Strike Will Admitted to Probate, for Removal of Executrix, and for the Admission to Probate the Last Will and Testament of Darryl Wayne Necaise, Sr., or Alternatively, Separate Petition of Lawrence Covington for Same Relief’; “Motion for Declaratory Judgment”; “Amended Motion for Declaratory Judgment”; and “Motion to Compel Inventory, Accounting, Appraisement [sic], and Bond of Executor or Administrator of Estate.” On June 2, 2011, the chancery court granted McDaniel’s request for Rule 11 sanctions against Covington. Covington filed a motion for reconsideration, which the chancery court denied on October 3, 2011.
¶ 15. From these chancery court orders, Covington appeals in cause numbers 2011-CA-00094 and 2011-CA-01581.

Circuit Court Proceedings

¶ 16. On September 13, 2007, in the related tort action from which the alleged claim against the Estate arises, Covington *55 filed a complaint in Yalobusha County Circuit Court naming Darryl Jr., Linda, Longstreet, and Darryl Sr. as defendants in a tort action.[6] McDaniel contends that Darryl Sr. was never served with process in the 2007 cause, and no motion was filed by Covington requesting additional time to serve Darryl Sr. In April 2008, Covington obtained a default judgment against Darryl Jr., Linda, and Longstreet, but not against Darryl Sr. Then Darryl Sr. died on February 6, 2009.
¶ 17. Following Darryl Sr.’s death and after filing his initial claim against the Estate, Covington filed an amended complaint in the 2007 cause on June 8, 2009, adding the Estate as a defendant and setting forth that the Estate could be served through counsel for the Estate, Sabrina D. Howell.
¶ 18. On October 23, 2009, Covington filed a new complaint against the Estate in a new action, the 2009 cause, and a summons by publication was issued. Subsequently, on September 1, 2010, the circuit court dismissed without prejudice Coving-ton’s complaint against the Estate in the 2007 cause. Counsel for the Estate alleges that the 2007 cause was dismissed because Darryl Sr. had never been served, and service of the amended complaint on the Estate, which happened approximately two years later, was not timely. The circuit court proceedings nonetheless continued in the new action filed by Covington against the Estate in the 2009 cause.
¶ 19. McDaniel, on behalf of the Estate, filed a motion to dismiss the 2009 cause, which the circuit court heard on August 18, 2011. On September 8, 2011, the circuit court dismissed the 2009 cause with prejudice and ordered Covington’s counsel to pay $1,500 in attorney’s fees to the Estate pursuant to Mississippi Code Annotated section 11-55-5(1) (Rev.2012).
¶20. From these circuit court orders, Covington appeals in cause number 2011-CA-01363.
DISCUSSION
I. FINDINGS OF THE CHANCERY COURT
¶ 21. Covington argues that as a judgment creditor of both Linda and Darryl Jr., two possible beneficiaries of Darryl Sr.’s will, he constitutes an interested party with a pecuniary interest in the probate of the will. He claims that as a creditor of potential heirs, he possesses the status of a creditor of the Estate. Covington claims that the chancery court erroneously held that Covington lacked standing to contest Darryl Sr.’s will, and erroneously denied the following motions: (1) motion for reconsideration or a new hearing; (2) motions for relief from an order and for Mississippi Rule of Civil Procedure 11 sanctions; (3) motions for joinder in the petition to strike the will admitted to probate, for removal of the executor, and for admission of Darryl Sr.’s will to probate or, alternatively, separate petition of Cov-ington for same relief; (4) motion and amended motion for a declaratory judgment; and (5) motion to compel an inventory, appraisal, and bond of the executor or administrator of the Estate.[7] Further, Covington asserts that the chancery court erred in granting McDaniel’s motion for Rule 11 sanctions and in denying his motion for reconsideration of the imposition of those sanctions.[8]
*56 ¶ 22. In reviewing a chancellor’s findings, we employ an abuse-of-diseretion standard of review. Vincent v. Creel, 80 So.3d 859, 862 (¶ 9) (Miss.Ct.App.2012) (citation omitted). “This Court will not disturb a chancellor’s findings of fact in a will contest unless the findings are clearly erroneous [or] manifestly wrong, or the chancellor applied an incorrect legal standard.” Id. (citation omitted). However, when considering a question of law, we employ a de novo standard of review. Id.

A. Covington’s Lack of Standing

¶ 23. Covington’s appeals regarding the findings of the chancery court primarily arise out of his claim to be an interested party to the probate proceedings and the contest of Darryl Sr.’s will based upon his pecuniary interest in his judgments against potential heirs of the Estate. In support of his argument, Cov-ington relies on Mississippi Code Annotated section 91-7-25 (Rev.2004), which states that “[i]n any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties.” Significantly, Covington does not assert on appeal that a judgment was entered against the Estate or Darryl Sr., the decedent.
¶ 24. Relying upon precedent, this Court recognizes that “[finterested parties are those whose direct [ ] pecuniary interests will be either detrimentally or advantageously affected by the probate of the will. Included in this group will ordinarily be [the] decedent’s heirs at law, beneficiaries under earlier wills, and beneficiaries under the will being contested.” Garrett v. Bohannon, 621 So.2d 935, 937 (Miss.1993) (emphasis added and citation omitted). With respect to the claim asserted by Covington, we find that Covington failed to prove he possessed a direct pecuniary interest against the Estate. Moreover, the only heir named in Darryl Sr.’s will, McDaniel, never contested the will. In fact, McDaniel, as the executor, had Darryl Sr.’s will admitted to probate; she possessed no duty to notice any parties except creditors of the Estate, which she alleges she accomplished by publication as required. As previously discussed, Darryl Sr.’s former spouse abandoned any intent to contest the will admitted to probate.
¶ 25. Covington asserts no direct pecuniary interest in the probate of the Estate. Covington is not a creditor of the Estate and identifies no debt or expense owed to him by the Estate or Darryl Sr., the deceased.[9] Further, Covington is not an heir-at-law of the decedent nor a named beneficiary in any will alleged to have been executed by the decedent. In fact, Cov-ington is not a judgment creditor of the sole heir of the estate, McDaniel. Therefore, Covington fails to establish standing to assert a will contest that would never result in him being a beneficiary of the assets of the Estate.[10] His only connection to the Estate is that he tried, yet failed, to obtain a judgment against Darryl Sr. and the Estate. As such, we find this issue to be without merit.

B. Propertg-Settlement Agreement

¶ 26. Covington claims that Darryl Sr., the decedent, revoked the will admitted for probate in a property-settlement agreement executed by Darryl Sr. that was *57 included in the divorce decree. Because we find that Covington lacks standing to assert a will contest as to the Estate, we find this issue to be moot. Furthermore, Covington lacks a basis to join in any efforts to strike or contest the will at issue since Linda abandoned her efforts to assert such claims.[11]

C. Sanctions

¶ 27. Rule 11 permits a court to award a responding party reasonable attorneys’ fees and expenses when “any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay[.]” M.R.C.P. 11(b). “As the rule suggests, sanctions are appropriate under this rule only when a motion or pleading has been filed.” In re Spencer, 985 So.2d 330, 339 (¶ 28) (Miss.2008). This Court has found a pleading to be frivolous “only when, objectively speaking, the pleader or movant has no hope of success.” Id. “A motion or pleading is filed for the purpose of harassment or delay when the party does not have a viable claim.” Id. We utilize an abuse-of-discretion standard of review when reviewing the judgment of the sanctioning court. Id. at 336-37 (¶ 19); see Walton v. Walton, 44 So.3d 1035, 1039 (¶¶ 15-16) (Miss.Ct.App.2010).

1. Award of Sanctions Against Covington

¶ 28. On June 2, 2011, the chancery court ordered counsel for Covington to pay McDaniel’s attorney’s fees in the amount of $3,646.50 pursuant to Rule 11 and Mississippi Code Annotated 11-55-1. On appeal, in case number 2011-CA-01581, Covington argues that the chancery court erred in granting McDaniel’s motion for Rule 11 sanctions without a sufficient showing of frivolous claims or intentional misconduct, such as harassment or delay. We now turn to a review of the chancery court’s basis for its award.
¶29. In its June 2, 2011 order, the chancery court provided extensive findings and thoroughly explained its rationale for the imposition of sanctions against Coving-ton’s counsel. The chancery court noted that the $3,646.50 in attorney’s fees resulted from having to defend against Coving-ton’s numerous motions related to contesting the validity of the probated wills. The chancery court further found that the arguments propounded by Covington’s counsel on the issue of standing to contest the will admitted to probate were “frivolous and filed without substantial justification[.]” The chancery court explained that Covington failed to present any statute or case law to the court establishing that a creditor of a potential heir possessed standing to assert a will contest. The court deemed Covington, a creditor of a potential taker under a will, as too remotely related to the Estate to possess standing to assert a will contest.
¶ 30. In addressing the issues of intentional misconduct and harassment, the chancery court also acknowledged that Covington’s counsel misrepresented pertinent facts to the court through the filing of the verified creditors’ notice of claim. The chancery court found that the actions of Covington’s counsel caused the Estate to incur unnecessary attorney’s fees in responding to Covington’s filings containing misrepresented facts, and as a result, the court determined that counsel for Coving-ton should be responsible for those fees. After reviewing the record, we find that the chancery court abused no discretion in *58 granting McDaniel’s request for attorney’s fees. See In re Spencer, 985 So.2d at 337 (¶ 19). This issue is, therefore, without merit.

2. Denial of Sanctions Against McDaniel

¶ 31. Covington argues that the chancery court erred in denying his request for sanctions against McDaniel.[12] In support of his argument, Covington makes claims of both collusion and conspiracy on behalf of McDaniel and her counsel. The chancery court denied Covington’s motion for sanctions because no basis existed for imposition of such an award. While Cov-ington claims to have a legitimate basis to believe that misconduct occurred on the part of McDaniel and her counsel, he failed to present any evidence to the chancery court to prove any of these allegations. After reviewing the record, we find no abuse of discretion in the chancery court’s denial of Covington’s request for sanctions. See In re Spencer, 985 So.2d at 337 (¶ 19). This issue is without merit.
II. FINDINGS OF THE CIRCUIT COURT
¶ 32. We now turn to address the tort action filed in the circuit court wherein Covington attempted to amend his previously filed 2007 complaint to add the Estate as a defendant and also attempted to file a new action against the Estate as a party, asserting the same tort asserted in the 2007 cause. In so doing, we are reminded that Covington sought such resolution after already filing as a creditor against the Estate. As previously discussed, Covington failed to serve Darryl Sr. in the 2007 cause while Darryl Sr. was alive, and after his death, Covington failed to properly serve the amended complaint in the 2007 cause and the new complaint in the 2009 cause upon the Estate.
¶ 33. Covington argues that the circuit court erred in granting the Estate’s motion to dismiss with prejudice. Furthermore, Covington claims that the circuit court erred in granting the Estate’s request for reasonable attorney’s fees.[13]
¶ 34. This Court utilizes a de novo standard of review when considering a trial court’s grant or denial of a motion to dismiss. Lucas v. Baptist Mem’l Hosp.—N. Miss., Inc., 997 So.2d 226, 229 (¶ 5) (Miss.Ct.App.2008). “However, ‘this Court leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under [Mississippi] Rule [of Civil Procedure] 4(h).’ ” Stutts v. Miller, 37 So.3d 1, 3 (¶ 7) (Miss.2010) (citation omitted). “Only where such discretion is abused or is not supported by substantial evidence will this Court reverse.” Id. (quotation marks omitted).
¶ 35. Rule 4(h) provides:
If ... service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
“Thus, Rule 4(h) provides that a complaint will be dismissed only if the plaintiff cannot show good cause for failing to serve process within 120 days.” Welch Roofing *59 & Constr., Inc. v. Farina, 99 So.3d 274, 277 (¶ 9) (Miss.Ct.App.2012). The Mississippi Supreme Court has held that “a plaintiff attempting to establish good cause must show at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.” Id. (quotation marks omitted); see also Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (¶ 11) (Miss.2002). “While the filing of a complaint tolls the statute of limitations, if service is not made upon the defendant within 120 days as required by [Rule] 4(h), the limitations period resumes running at the end of the 120 days.” Stutts, 37 So.3d at 7 (¶ 17).
¶ 36. The circuit court’s September 8, 2011 order of dismissal with prejudice of the 2009 cause states, in part, as follows:
1. The Plaintiffs [c]omplaint arises out of alleged incidences which occurred on May 11, 2007.
2. On September 13, 2007, the Plaintiff filed a [c]omplaint in the Yalo-busha [County] Circuit Court Cause Number CV2007-0064-M-Y1 (hereinafter referred to as the “2007 [c]ause”), which was assigned to the Honorable Judge Jimmy McClure.
3. On June 8, 2009, the Plaintiff filed an [a]mended [c]omplaint in the 2007 cause adding the Estate of Darryl Wayne Necaise, Sr. as a Defendant and set forth that said Defendant could be served through counsel for the [E]state, Sabrina D. Howell.
4. On October 23, 2009, the Plaintiff filed a [c]omplaint in the present cause against the Estate of Darryl Wayne Necaise, Sr. and had issued a [publication [s]ummons.
5. Plaintiff had 120 days to serve the Defendant with process, which time would have expired on February 23, 2010.
6. On September 1, 2010, Judge McClure heard the Defendant’s [m]otion to [dismiss in the 2007 cause and entered an [o]rder dismissing the [c]omplaint against the Estate of Darryl Wayne Necaise, Sr. without prejudice.
7. The Plaintiff did not file a motion to extend time to serve the Defendant in the present action until November 2, 2010.
8. The statute of limitations as to the claims asserted by the Plaintiff finally expired on September 23, 2010, three (3) years plus 120 days after the incidents alleged in the [c]omplaint.
9. Plaintiffs [m]otion for [extension of [t]ime to [s]erve the Defendant was filed one and one-half months after the statute of limitations expired.
10. Service of process was never completed on the Defendant in the present cause.
11. Since there was never service of process perfected and no motion for additional time to serve Defendant by September 23, 2010, this case is beyond the appropriate statute of limitations.
12. The Court finds no good cause has been shown by the Plaintiff for lack of service on the Defendant which would allow for an extension of time.
13. The [m]otion to [d]ismiss filed by Defendant, Estate of Darryl Wayne Necaise, Sr.[,] is well taken and should be granted, and Plaintiffs [c]omplaint filed against the Estate of Darryl Wayne Necaise, Sr., is *60 hereby dismissed with prejudice pursuant to the authority cited in Stutts v. Miller, 37 So.3d 1 ([Miss.] 2010).
14. The issue of attorney’s fees requested by the Defendant is GRANTED. Accordingly, pursuant to the record made during the August 18, 2011 hearing, which is incorporated herein by reference, and in conformity with [Mississippi Code Annotated section] 11-55-5(1), [Attorney Carlos Moore shall pay [Attorney Sabrina Howell’s reasonable attorney fee of $1,500 on or before September 9, 2011.
¶ 37. The Estate alleges that it is undisputed that the only attempt made at service of process on the Estate in the 2009 cause was a summons by publication. Mississippi Rule of Civil Procedure 4(c)(4)(A) provides for service by publication only when a party shows, by sworn affidavit, that the person being served is a
nonresident of this state or not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit, or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry!.]
¶ 38. As acknowledged in the circuit court’s 2011 order, the record in the present case shows that service by publication was not the proper means to perfect service on the Estate. The court recognized that Covington filed an amended complaint in the 2007 cause adding the Estate as a defendant and setting forth how the Estate could be served. Further, the circuit court abused no discretion in finding that Covington failed to present good cause to be granted additional time to serve the Estate. As noted by the circuit court, the statute of limitations as to the claims asserted by Covington ran on September 23, 2010, and Covington failed to file a motion for extension of time to serve the Estate until November 2, 2010. Therefore, not only did Covington fail to serve the complaint upon the Estate, but Covington also allowed the statute of limitations to expire. See e.g., Stutts, 37 So.3d at 3-7 (¶¶ 7-17).[14] As such, the trial court abused no discretion in dismissing Covington’s ease with prejudice. Id.
¶ 39. As to the issue of attorney’s fees, we recognize that
[b]oth Rule 11 and the Litigation Accountability Act authorize an award of attorneys’ fees and expenses as a sanction for certain filings. According to Rule 11(b), the court may order expenses or attorneys’ fees if any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay.
Ill. Cent. R.R. v. Broussard, 19 So.3d 821, 823 (¶ 10) (Miss.Ct.App.2009) (quotation marks omitted). Similarly, the Litigation Accountability Act provides, in part:
[I]n any civil action commenced or appealed in any court of record in this state, the court shall award ... reasonable attorney’s fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action ... that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment!.]
Miss.Code Ann. § 11-55-5(1).
¶ 40. The Litigation Accountability Act provides that a claim brought *61 “without substantial justification” is one that is “frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Broussard, 19 So.3d at 823 (¶ 11). “This Court uses the same test to determine whether a filing is frivolous under both Rule 11 and the Act.” Broussard, 19 So.3d at 823-24 (¶ 11). “A claim is frivolous when objectively speaking, the pleader or movant has no hope of success.” Id. (quotation marks omitted).
¶41. At the hearing on the Estate’s motion to dismiss, the circuit court addressed Covington’s counsel regarding the Rules of Professional Conduct and allowed his counsel to provide an explanation as to his actions. The circuit court then took the issue of attorney’s fees under advisement and thoroughly considered the imposition of attorney’s fees. After reviewing the record, we find no abuse of discretion in the circuit court’s award of attorney’s fees. See Miss.Code Ann. § 11-55-5(1); see also Broussard, 19 So.3d at 823-24 (¶¶ 10-11). Accordingly, we find this issue to be without merit.
¶ 42. THE JUDGMENTS OF THE YALOBUSHA COUNTY CHANCERY COURT AND THE YALOBUSHA COUNTY CIRCUIT COURT ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. GRIFFIS, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. Darryl Sr.’s son.

. Darryl Sr.’s former spouse.

. McDaniel asserts that Covington did not appear at the hearing, and no order was secured by him with regard to his continuing' representation of the matters of the Estate. Covington claims that he never received notice of the hearing, nor did he have an opportunity to be heard.

. See Burgess v. City of Gulfport, 814 So.2d 149, 152-53 (¶ 13) (Miss.2002) (discussing a party’s standing to sue).

. We pause to note that on June 8, 2009, Covington filed an amended complaint in the 2007 cause in the circuit court adding the Estate as a defendant. Shortly thereafter, on October 23, 2009, Covington filed a new complaint against the Estate in the circuit court (the 2009 cause).

.McDaniel states that the 2007 cause alleged intentional and negligent torts of the defendants caused damages to Covington.

. These assignments of error are raised on appeal in case number 201 l-CA-00094.

. Covington raises these assignments of error in case number 2011-CA-01581.

. See generally Robert E. Williford, Mississippi Practice Series: Mississippi Probate and Estate Administration §§ 9:2, 9:3 (3d ed.2003); see also Miss.Code Ann. § 91-7-149 (Rev. 2004) (setting forth the procedure for probating claims).

. See generally Nat'l Heritage Realty, Inc. v. Estate of Boles, 947 So.2d 238, 244-46 (¶¶ 17-24) (Miss.2006).

. We pause to again note that the chancery court dismissed Linda’s petition contesting the will upon Linda’s request.

. On appeal, Covington raises this assignment of error in case number 2011-CA-00094.

. These claims are before us in case number 2011-CA-01363.

. See also Miss.Code Ann. § 15-1-49 (Rev. 2012).