# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00774-SCT

*IN THE MATTER OF THE ESTATE OF BRIAN K. COLE, DECEASED: WAYNE E. FERRELL, JR., JAMES W. NOBLES, JR., AND ANGELO J. DORIZAS*

*v.*

*GREGORY COLE, ADMINISTRATOR AND GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/2017 |
| TRIAL JUDGE: | HON. H. DAVID CLARK, II |
| TRIAL COURT ATTORNEYS: | BRIAN K. HERRINGTON |
| | THOMAS L. TULLOS |
| | JAMES W. NOBLES, JR. |
| | ANGELO JOHN DORIZAS |
| | W. BRADY KELLEMS |
| | CHUCK McRAE |
| | BRADLEY CLAYTON MOODY |
| | WALKER (BILL) JONES, III |
| | ROBERT D. GHOLSON |
| | ROBERT GORDON SPROULE, JR. |
| | J. PATRICK STRUBEL |
| | DAVID WESLEY MOCKBEE |
| | MICHAEL B. WALLACE |
| | H. WESLEY WILLIAMS, III |
| | JAMES ROBERT SULLIVAN, JR. |
| | EUGENE COURSEY TULLOS |
| | LARRY D. MOFFETT |
| | THEODORE J. LEOPOLD |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | W. BRADY KELLEMS |
| | CHUCK McRAE |
| ATTORNEYS FOR APPELLEES: | BRIAN K. HERRINGTON |
| | H. WESLEY WILLIAMS, III |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |

DISPOSITION:                          AFFIRMED - 08/23/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**BEFORE KITCHENS, P.J., KING AND BEAM, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Brian Cole's Estate had a court-approved contingency fee contract with Eugene Tullos, and only Eugene Tullos, to represent the Estate in wrongful death litigation. The Ferrell Group claims that this contract renders it an interested party entitled to notice of the Estate's final accounting under Mississippi Code Section 91-7-295. The trial court found that the Ferrell Group was not an interested party pursuant to the notice statute. Because the Ferrell Group did not probate a claim or have a contract with the Estate, or otherwise show a direct pecuniary interest in the Estate, this Court affirms the trial court's judgment as to Section 91-7-295.

## FACTS & PROCEDURAL HISTORY[1]

¶2.     Brian Cole was killed in a motor vehicle accident in 2001. On May 13, 2002, the chancery court entered an order approving the hiring of Eugene Tullos to represent Cole's Estate in ongoing wrongful death litigation against Ford Motor Company. The court granted the Estate leave to join the wrongful death litigation, and approved the contingency fee contract between Tullos and the Estate. At some point during the wrongful death litigation, Tullos apparently associated other attorneys, including the appellants Wayne Ferrell, James

---

[1]This file is under seal due to the confidential settlement amount of the wrongful death litigation.

2

Nobles, Jr., and Angelo Dorizas ("The Ferrell Group"). The record contains no court order approving these attorneys to represent the Estate. The wrongful death litigation ultimately ended with a large settlement, and the attorneys and beneficiaries disputed the distribution of the proceeds. During the wrongful death litigation, GuideOne Insurance Company advanced more than $200,000 toward litigation expenses on behalf of the Estate.[2] GuideOne Insurance Company filed the only creditor claim against the Estate after notice to creditors was published pursuant to Mississippi Code Section 91-7-145.

¶3. On June 6, 2011, the chancery court ordered a partial distribution of the settlement proceeds, representing "a compromise of undisputed issues[.]" It ordered a payment to the Estate and qualified it only by stating that the amount would be "placed in the Estate account pending further Orders of this Court." The attorneys involved also received partial distributions in the June 2011 court order. The court found that, after distribution, "all other and further remaining funds in said account shall there remain until further Orders of this Court pending the resolution and final disposition of the remaining issues."

¶4. The current attorney for the Estate, Brian Herrington,[3] negotiated with GuideOne regarding its creditor claim, and settled with GuideOne for an amount less than the distribution made to the Estate. The administrator of the Estate petitioned to close the Estate, and the chancery court granted that petition on April 25, 2016. The amount left from the

---

[2]The record indicates that a passenger in the vehicle may have filed a cross-claim against the Estate.

[3]Herrington has been the attorney for the Estate since at least 2010, but the record is unclear as to exactly when he became involved.

distribution to the Estate after the GuideOne payment had been made was distributed in equal shares among all heirs-at-law.

¶5. On May 6, 2016, the Ferrell Group filed a Petition to Set Aside or Amend Order Closing Estate and Providing Other Relief or in the Alternative Motion to Reconsider. It claimed that it was an interested party and that the Estate was required to give it notice of the petition to close, because of "its" contract with the Estate. The contract on which it relies is the contract between the Estate and Tullos, and only Tullos, approved by the May 2002 court order. The Ferrell Group argued it should be allowed to assert its contingency fee contract with the Estate. In the alternative, it requested the court order that it is entitled to forty percent of the remainder of the distribution.

¶6. The chancery court found that the Ferrell Group was not an interested party entitled to notice. It relied on a transcript of a January 2011 hearing[4] regarding the partial settlement distributions, and stated that it was "abundantly clear from the representations made to the court . . . that as of January 24, 2011, neither 'The Ferrell Group,' nor any other attorney involved in the prosecution of the litigation on behalf of the Cole wrongful death heirs against Ford Motor Company or any other defendant expected to receive any fees whatsoever from the paltry funds set aside to the Estate of Brian K. Cole." It further found that none of these attorneys, including Tullos, performed any services for the Estate after January 24, 2011. Thus, the chancery court concluded that none of the attorneys was an interested party

---

[4]The transcript does not appear to be in the record.

4

in the Estate. It further found that the claim was without substantial justification and set a hearing regarding sanctions.

¶7.     The Ferrell Group appeals, arguing that the attorneys were interested parties entitled to notice that the Estate would be closing. The Ferrell Group conflates whether it is an interested party pursuant to the notice statute with the claim on the merits that it may have some entitlement to this money.[5] It further argues that the trial court erred by denying its request to call witnesses and introduce documentary evidence and erred by making erroneous factual findings. In addition to rebutting these arguments, the Estate claims that the appeal is frivolous under Mississippi Rule of Appellate Procedure 38, and maintains that this Court should award the Estate damages and costs.

**ANALYSIS**

¶8.     Neither party addresses the standard of review. This Court employs a limited standard of review when reviewing a chancellor's decisions. *McNeil v. Hester*, 753 So. 2d 1057, 1063 (Miss. 2000). This Court will not disturb a chancellor's findings unless the chancellor was manifestly wrong, was clearly erroneous, or applied the wrong legal standard. *Id.* Questions of law, however, are reviewed de novo. *Id.*

¶9.     To close an estate, "[s]ummons shall be issued or publication be made for all parties interested" and those interested parties may "show cause, if any they can, why the final

_____

[5]The chancery court to some extent also conflated the issues, appearing to find to some degree that the Ferrell Group had no entitlement to the money, *ergo*, it is not an interested party. But on this record, we can determine whether the Ferrell Group is an interested party without reaching the question regarding any entitlement to the money. The two issues need not be combined.

5

account of the executor, administrator, or guardian should not be allowed and approved."

Miss. Code Ann. § 91-7-295 (Rev. 2013). The only issue before this Court is whether the

Ferrell Group is an interested party under Section 91-7-295, and was thus entitled to notice

regarding the final account.[6] The statute does not define interested parties for the purpose

of Section 91-7-295, nor does caselaw. However, the statutes and caselaw have indicated

who qualifies as an interested party in other wills and estates circumstances.

¶10.    The statute regarding will contests provides that all interested parties must be made

parties to a will contest. Miss. Code Ann. § 91-7-25 (Rev. 2013). This Court has noted that

interested parties under the will contest statute are those whose direct pecuniary interests will

be affected by the will. *Garrett v. Bohannon*, 621 So. 2d 935, 937 (Miss. 1993). Interested

parties includes heirs-at-law, beneficiaries under earlier wills, and beneficiaries under the

will being contested. *Id.* The Mississippi Court of Appeals has noted that interested parties

in a will contest may also include creditors, as they may have a *direct* pecuniary interest in

the estate. *See In re Estate of Necaise*, 126 So. 3d 49, 56 (Miss. Ct. App. 2013). A similar

standard should be used to define interested parties regarding the final accounting under

Section 91-7-295. To be an interested party under the statute, the party must have some legal

tie to the estate in the fashion of a direct pecuniary interest. The Ferrell Group has not shown

that it had a direct pecuniary interest in the Estate such that it was entitled to notice as an

interested party – it shows no privity with the Estate.

---

[6]We need not decide the ultimate claim regarding whether the Ferrell Group had some entitlement to this money, because we conclude that it was not an interested party to the Estate under the notice statute.

¶11. In this case, the record does not indicate that the Ferrell Group was an interested party. It did not probate or attempt to probate a claim against the Estate, despite the Estate having published notice in 2002.[7] *See* Miss. Code Ann. §§ 91-7-145, 91-7-149 (Rev. 2013) (containing the procedures for notifying those with claims, and for probating claims). The record does not indicate that the Ferrell Group had a contract with the Estate, despite its claims otherwise. The Ferrell Group points only to the contract the Estate had with Tullos;[8] the appellants' names are nowhere in that contract. The record indicates that Tullos may have contracted with the Ferrell Group, but the contract between those parties, to which the Estate is ostensibly *not* a party and which did not have the approval of the chancery court with regard to the Estate, does not tie the Ferrell Group directly to Cole's Estate. Rather, if anything, it may tie it to Tullos. Nothing contained in the record indicates that the Ferrell Group had a *direct* pecuniary interest in the Estate.[9]

¶12. Because the Ferrell Group was not an interested party in the Estate pursuant to Section 91-7-295, it was not entitled to notice of the final accounting, and we affirm the judgment

---

[7]The Ferrell Group does not and cannot claim fraud. It clearly was abundantly aware that this distribution was paid to the Estate and was aware of any claim or potential claim it had on this money in 2011. But it did not file anything with the Estate in the ensuing five years regarding its potential claim.

[8]Tullos has since died. His Estate was represented at the Rule 59 hearing, but did not make arguments. It did not join this appeal.

[9]While we do not decide this issue, the Ferrell Group may have an *indirect* pecuniary interest in the Estate's distribution, if Tullos did indeed have an interest in the Estate and if the Ferrell Group had a contract with Tullos. Its remedy, if any, would be with Tullos's Estate.

7

of the trial court. Accordingly, this Court need not address the evidentiary issues the Ferrell Group raises.

¶13. The Estate argues that this appeal is frivolous under Mississippi Rule of Appellate Procedure 38. Rule 38 provides that if this Court determines an appeal is frivolous, it shall award damages to the appellee. An appeal is frivolous when the appellant has no hope of success. *Matter of Estate of Smith v. Boolos*, 204 So. 3d 291, 316 (Miss. 2016). This Court has never passed directly on the issue of who is an interested party under Section 91-7-295. And the Ferrell Group did show some ties to the Estate, even if not direct. Because this was something of a novel legal issue, and because parts of the record (namely, the January 2011 hearing transcript and the chancellor's memory) relied upon by the trial court to hold a Rule 11 hearing are not in the record before this Court, this Court finds that the appeal is not frivolous under Rule 38. While the Ferrell Group does not appear to have much hope of success, it cannot be said on this record that the appellant had *no* hope of success.

## CONCLUSION

¶14. The Ferrell Group did not probate a creditor claim and does not have a contract with the Estate. It has shown no *direct* pecuniary interest in the Estate. Accordingly, it is not an interested party entitled to notice of the final account under Section 91-7-295. This Court therefore affirms the trial court judgment. Furthermore, because this particular issue previously had not been interpreted by this Court, the Ferrell Group's appeal is not frivolous under Rule 38.

¶15. **AFFIRMED.**

8

WALLER, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.